(7 P.3d 317)

No. 83,508

STATE OF KANSAS, *Appellant,* v. EVA BIARDA, *Appellee.*

—

Opinion filed May 19, 2000.

*Vernon E. Buck,* assistant county attorney, *Joe E. Lee,* county attorney, and *Carla J. Stovall,* attorney general, for the appellant.

No appearance for the appellee.

Before KNUDSON, P.J., PIERRON, J., and ROBERT G. JONES, District Judge Retired, assigned.

PIERRON, J.: The State appeals the trial court dismissal of a complaint against Eva Biarda for violation of her statutory right to a speedy trial under K.S.A. 22-3402(2). We reverse.

On November 13, 1998, Biarda was arrested for driving while intoxicated. On November 13, 1998, she appeared pro se in district court, at what was termed an arraignment. During this hearing, the court read the complaint, advised Biarda of her trial rights, and set bond. The court refused to accept a plea from Biarda until she contacted an attorney. A pretrial conference was set for December 17, 1998.

On December 17, 1998, defense counsel filed a document entering his appearance, waiving formal arraignment, and entering a plea of not guilty. On December 17, 1998, pretrial matters were continued to January 18, 1999, to allow Biarda to pursue a diversion. The trial court did not charge the continuance to the State or defense. On January 18, 1999, the court continued pretrial to February 18, 1999, to allow the State to comply with discovery requests. Again, the continuance was not charged to either party. On February 17, 1999, trial was set for April 22, 1999. The case was apparently then continued to May 10, 1999. Finally, at the request of the State, the trial was continued to June 10, 1999.

On June 10, 1999, the trial court called the case for trial. The defense moved for dismissal under K.S.A. 22-3402(2), claiming over 180 days had elapsed since arraignment. The State argued that part of the delay was attributable to Biarda, including the continuance on December 17, 1998, so she could apply for diversion. The State agreed Biarda was arraigned on November 13, 1998. The court granted Biarda's motion, concluding that she was arraigned on November 13, 1998, and brought to trial on June 10, 1999, creating a 209-day period between arraignment and trial, with no time attributable to the defense.

A defendant on bond must be brought to trial within 180 days after arraignment, unless a delay occurs as a result of application or fault by the defendant, or by certain rulings by the trial court that do not concern us here. See K.S.A. 22-3402(2). A defendant may waive the statutory right to a speedy trial by requesting or even acquiescing in the grant of a continuance. *State v. Southard,* 261 Kan. 744, 748, 933 P.2d 730 (1997). Where the controlling facts are presented by a written record, and the appellate court has as good an opportunity to consider the record and determine the facts as did the trial court, our review is de novo. See *State v. U.S. Currency in the Amount of $3,743,* 25 Kan. App. 2d 54, 56, 956 P.2d 1351 (1998).

The State argues Biarda was never "arraigned" because the district court specifically refused to accept a plea until she had obtained an attorney. The State did not raise this argument to the trial court. In fact, for the purpose of fixing the dates at the hearing, the State agreed that Biarda was arraigned November 13, 1998. A point not raised in the trial court cannot be raised for the first time on appeal. *State v. McDaniel,* 255 Kan. 756, 765, 877 P.2d 961 (1994). We refuse to consider the issue.

The State next argues the trial court erred in failing to attribute a portion of the delay to the defense. We agree.

The journal entry for December 17, 1998, indicates the case was continued to pursue a diversion. In a diversion, the State agrees to dismiss the charges if the defendant fulfills a supervised performance program. See K.S.A. 22-2906. Whether a continuance to pur-

sue a diversion is attributable to the defense for speedy trial purposes appears to be a matter of first impression in Kansas.

Biarda benefitted from the continuance, because it permitted her to complete her application for diversion. On this limited record, which the defense did not supplement, it is not clear which party requested the continuance or whether the ultimate trial date was delayed by postponing pretrial proceedings. It appears discovery was still pending. However, without more information we cannot determine whether the court would have granted a continuance for any purpose other than to pursue a diversion. The continuance should have been charged to the defendant.

The State has provided documents that show one pretrial continuance was the result of an application or acquiescence by the defense. Biarda has not provided any explanation for why we should not accept these documents as accurate. We find Biarda, at the least, acquiesced in the continuance within the meaning of *Southard* and is responsible, in part, for delaying the ultimate trial date.

The trial court should have attributed to Biarda the continuance from December 17, 1998, to January 18, 1999—32 days. Subtracting 32 days from 209 days, Biarda was brought to trial in 177 days. The court erred in dismissing for a violation of Biarda's statutory right to a speedy trial.

We have reviewed the record for any possible prejudice to the defense as a result of the delay and find none. Biarda's constitutional right to a speedy trial was not implicated.

Reversed.