No. 83,172

STATE OF KANSAS, *Appellee*, v. JOHN HINES, *Appellant*.
(7 P.3d 1237)

Opinion filed July 14, 2000.

*Terra D. Morehead*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellant.

*Debera A. Erickson*, of Kansas City, was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The trial court dismissed all charges against the defendant John Hines based upon violation of K.S.A. 22-3402(1), the failure to bring him to trial in 90 days. The State appeals, claiming that continuances granted were justified and dismissal was an abuse of discretion. The question presented under unique facts is not one of an abuse of discretion but rather a question of law under K.S.A. 22-3402. We agree with the trial court and affirm.

On June 30, 1998, an information was filed charging the defendant with four counts of rape, two counts of aggravated criminal sodomy, and two counts of aggravated indecent liberties. A preliminary hearing was held on November 3, 1998, at which time the defendant was bound over for trial on an amended information charging the same eight counts. At the conclusion of the preliminary hearing, the defendant was arraigned, waived the formal reading of the charges, and entered a plea of not guilty.

It is undisputed that from the date of his arraignment on November 3, 1998, until the dismissal of all charges and discharge of the defendant on May 5, 1999, a total of 181 days, the defendant was held in jail solely on the charges in this case.

Upon arraignment, the defendant's trial was set for January 25, 1999, before the Honorable Thomas L. Boeding. The State and the defendant appeared with counsel on January 25, 1999, for trial. The State requested a continuance pursuant to K.S.A. 22-3402(3)(c) because of the unavailability of material evidence. The State explained that it was having trouble obtaining a transcript of the videotaped transcript of the child victim and that such a transcript was a prerequisite to the admissibility of the videotape. The State therefore asked for a 90-day continuance.

In response to the State's request for continuance, the defendant advised the court through his defense counsel:

"Judge, while Mr. Hines is frustrated that he's been incarcerated since September, if the State intends to introduce this videotape, the statute requires that they have a transcript. We haven't had a transcript of it. And I believe also during this time period that the copy of the tape that the District Attorney's Office had was damaged so they had to wait on detectives or Sunflower House to provide another copy before they could make a copy for us to view. And at this point I have been trying to make arrangements with the jail to set up a place where Mr. Hines and I can review the videotape. With all these things, it isn't fair to Mr. Hines to go to trial with these matters still not taken care of. Hopefully this will be set on the—maybe the first or second week of April so we can be ready to go and try it at that point."

The court then stated: "So you're not objecting to the continuance?" to which defense counsel replied: "Well, I don't think we really have a choice. We could object to it, but the statute is clear that the State's entitled to a continuance for evidence and they have that here. So even if we object, it's—it's—." The court interrupted defense counsel and stated it would grant the State's motion. The case was then reset for trial before the Honorable J. Dexter Burdette on April 19, 1999. On February 22, 1999, the defendant filed a pro se motion alleging a speedy trial violation. There is no indication in the record that this motion was ever ruled upon by the court.

On April 16, 1999, 3 days before his scheduled trial, defense counsel requested a continuance due to the fact that his grandmother had died the day before and that funeral services were to be held on April 20 and 22. In his motion for continuance, defense counsel stated that he did not feel that he would be an effective counsel for the defendant if the trial were to proceed on the scheduled date of April 19, 1999. The State did not object to the request. However, the defendant strenuously objected to any continuance and requested that the case go to trial on April 19, 1999. The defendant indicated that he would defend himself if he had to, rather than agree to any continuance, stating to the court:

"First of all, I have nothing against Mr. Mahoney [defense counsel]. I would rather for him to stay on my case. Second of all, I don't want no continuance. Even if I have to defend myself, I would the best I can. . . .

" . . . I still would like to have it Monday [April 19, 1999] and I still would like for him to be my attorney regardless of the situation. I—I understand that he said he'd be under stress, I understand that, but I told him before just give his best. If I lose the case, I lose it. I ain't got nothing to do—nothing to lose now. And I rather him to stay on now and give me the best that he can give me."

The court acknowledged that the situation was unique. The State indicated to the court that resetting the case for trial based upon the schedule would probably mean that the case would have to be reset for the first week of June. However, the prosecutor also mentioned to the court that she was completely sympathetic with defense counsel, having just recently lost her own grandmother. The State further indicated that the defendant might have a claim for ineffective assistance of counsel later if defense counsel were forced to try the case when he did not feel like he was operating with his full emotional faculties intact. Earlier in discussion with the court, the State suggested that a May 10 setting might be available in front of Judge Cordell D. Meeks, Jr. At no time during this hearing did the State mention a necessity for complying with the defendant's right to a speedy trial under K.S.A. 22-3402, nor did the State alert the court that setting the defendant's trial date on May 10, 1999, would jeopardize the defendant's rights under the provisions of K.S.A. 22-3402.

The court then asked the defendant how a May 10 setting would be for him; the defendant responded, "I still rather have it this Monday [April 19,1999]. I have no authority over whatever you judge, sir." The following exchange then occurred:

"THE COURT: Well, I understand and I'm trying to take into account your— not only your right to a speedy trial, but your insistence that—that you go forward even though your attorney has indicated to the Court that he's not gonna be prepared to defend you to the best of his abilities. While I can appreciate your position, I think it's a substantial position, I've got to look at both sides and try to see to it that you get the best assistance—

"THE DEFENDANT: Yes, sir.

"THE COURT: —and that your rights are protected.

"THE DEFENDANT: (Nodding head up and down.)

"THE COURT: And because of the death in Mr. Mahoney's family and his assertions to the Court that he would not be prepared to represent you to the best of his abilities, I'm gonna have to go ahead and grant his motion to continue the matter because of the death in his family and because of the emotional conflict that he's gonna be suffering under and also the fact he's gonna be out of town for awhile. I will try to accommodate you by seeing if we can get this May 10th setting. I don't know how that affects Mr. Mahoney's schedule, but obviously if we set this, if it's anything that can be, it should be pushed aside.

"MR. MAHONEY: Judge, everything that I got that week looks like I could put it off to someone else.

"THE COURT: Okay. Well, I can appreciate your position, sir, but basically and because you're not experienced, I—I want you to get the full benefit of your counsel's talents, not only because you deserve that, but because I think the statute and the Constitution require that you get the best possible, under the circumstances, representation. I think your wishes at this juncture are getting in the way of that, of you receiving the best possible defense at this point.

"So despite your feelings, I'm gonna deny your request that you have trial next week under the circumstances. Counsel's motion to continue will be granted for the reasons previously set forth on the record.

. . . .

"THE COURT: —so that we can get that scheduled. And that's gonna be the order of the Court if it's humanly possible. Those are the orders of the Court and those are the rulings."

On May 7, 1999, the defendant, through his counsel, filed a motion to dismiss all charges for a violation of his statutory right to a speedy trial under the provisions of K.S.A. 22-3402(1). A hearing was held on May 10, 1999, the date previously set by the court for trial, before Judge Meeks.

At the hearing, the defendant argued that the case had been continued twice and that he had objected to each continuance. The State argued that the first continuance had not been objected to by the defendant, and that the defendant had acquiesced in the continuance. The trial court did not have a transcript of the hearing on the first motion to continue and instead asked defense counsel whether the defendant had ever waived his right to a speedy trial. Defense counsel answered, "No, he never did, Judge." The trial court then granted the defendant's motion and dismissed the case.

The State appeals this dismissal to this court pursuant to K.S.A. 22-3602(b)(1) (authorizing direct appeal by the State to the Kansas Supreme Court from an order dismissing a complaint).

## Discussion

The trial court determined the defendant's statutory right to a speedy trial under the provisions of K.S.A. 22-3402 was violated. K.S.A. 22-3402(1) provides:

"(1) If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within ninety (90) days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)."

In this case, the defendant requested no continuances, and none of the delays in bringing him to trial was by reason of his application or fault. From the time of his arraignment on November 3, 1998, until the final trial date when the court dismissed the charges on May 10, 1999, 181 days elapsed. A substantial portion of this time was based upon a court-ordered continuance under K.S.A. 22-3402(3), which provides:

"(3) The time for trial may be extended beyond the limitations of subsections (1) . . . of this section for any of the following reasons:

. . . .

(c) There is material evidence which is unavailable; that reasonable efforts have been made to procure such evidence; and that there are reasonable grounds to believe that such evidence can be obtained and trial commenced within the next succeeding ninety (90) days. Not more than one continuance may be granted the state on this ground, unless for good cause shown, where the original continuance

was for less than ninety (90) days, and the trial is commenced within one hundred twenty (120) days from the original trial date."

We have interpreted the provisions of K.S.A. 22-3402(3)(c), relating to delays involving the gathering of material evidence, and concluded that such time is not counted in computing the statutory speedy trial period. *State v. Green*, 254 Kan. 669, 672, 867 P.2d 366 (1994) (stating that "delays which are the result of the application or fault of the accused, *or extended by 22-3402(3)(c) to allow the prosecution to obtain material evidence,* are not counted in computing the statutory speedy trial period.") (Emphasis added.); see *State v. Welch*, 212 Kan. 180, 185-86, 509 P.2d 1125 (1973) (stating that where 257 days had elapsed between arraignment and trial, 135 days were the result of the application or fault of the defendant and 56 days were permissible extensions of time granted to the State under the provisions of K.S.A. 1971 Supp. 22-3402(3)(c), making a total delay of 191 days not to be counted against the State).

The defendant was arraigned on November 3, 1998. He was being held in jail solely by reason of the charges in this case. At his arraignment, the date of trial was set for January 25, 1999. The time from his arraignment on November 3, 1998, to his first trial date of January 25, 1999, was 75 days. This time is counted in computing the 90 days under the provisions of K.S.A. 22-3402(1). On the first trial date of January 25, 1999, the State was granted a continuance under K.S.A. 22-3402(3)(c) to obtain material evidence. The second trial date was set for April 19, 1999. From January 25, 1999, to April 19, 1999, 85 days elapsed, and this time is not counted in computing the 90 days under K.S.A. 22-3402(1). See *Green*, 254 Kan. at 672; *Welch*, 212 Kan. at 185-86.

On April 16, 1999, defense counsel asked the court for a continuance of the April 19, 1999, trial date over the strenuous objection of the defendant. The State did not object to this continuance, and the case was set a third time for trial on May 10, 1999. The time between the second trial date of April 19, 1999, and May 10, 1999, was 21 days. This time is counted under K.S.A. 22-3402(1). Thus, adding the 75 days and the 21 days, it is clear that 96 days elapsed, and the provisions of K.S.A. 22-3402(1) were violated.

It must be emphasized in this case that on April 16, 1999, the date defense counsel asked the court for a continuance of the trial date of April 19, 1999, the State had 18 days remaining under K.S.A. 22-3402(1) to try the defendant. Rather than setting a trial date within that time, however, the court set the new trial date 21 days beyond the 75 days already elapsed, making a total delay of 96 days, clearly in violation of the defendant's rights under K.S.A. 22-3402(1).

At the hearing on April 16, 1999, no mention was made of the statutory time left to try the defendant. While defense counsel requested a continuance, the defendant clearly did not waive his rights under K.S.A. 22-3402(1). Neither the State, whose obligation it is to insure that an accused is provided a speedy trial (see *State v. Green*, 254 Kan. at 672), nor the court mentioned the 90-day requirement in K.S.A. 22-3402(1). While it may have been impossible to set the defendant's case within the time remaining after April 19, 1999, the record provides no evidence to support such a conclusion. Had the trial court been aware of or alerted to the defendant's rights under K.S.A. 22-3402(1), the court may have been able to rely on the provisions of K.S.A. 22-3402(3)(d) to set the defendant's trial on May 10, 1999, without violating the defendant's right to a speedy trial under K.S.A. 22-3402(1).

The State argues that the court did not abuse its discretion in granting the last continuance. We agree, and further agree that given the choices, the trial court's grant of a continuance was an exercise of sound judicial discretion. Nevertheless, neither the State, which agreed with the continuance, nor the court, which granted the continuance and set the case for hearing beyond the time required by K.S.A. 22-3402(1), acknowledged any problem. We may not assume, based upon a silent record, that it was impossible to comply with the provisions of K.S.A. 22-3402(1) or that the court's setting was based on K.S.A. 22-3402(3)(d).

The provisions of K.S.A. 22-3402(1) are clear. In this case, 96 days elapsed from the time of the defendant's arraignment until his trial. He was held in jail solely on the charges in this case, and the trial court properly dismissed the charges.

Affirmed.