· (39 P.3d 101)
No. 86,720

STATE OF KANSAS, *Appellant*, v. JOHN L. ARROCHA, *Appellee*.

Opinion filed January 18, 2002.

*Randall L. Hodgkinson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Brenda M. Cameron*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GERNON, P.J., KNUDSON and BEIER, JJ.

BEIER, J.: The State appeals the district court's dismissal of charges against John Arrocha because he was not brought to trial within 90 days of arraignment as required by K.S.A. 22-3402(1). We must decide whether Arrocha was being held in custody solely because of the charges in this case and whether the district court erred in attributing certain periods between arraignment and dismissal to the State.

K.S.A. 22-3402(1) requires a criminal defendant charged with a crime to be brought to trial within 90 days of arraignment if he or she is being held in custody solely because of that crime. If delays are attributable to defense conduct or request, the periods they cover are not counted as part of the 90 days. Dismissal is the appropriate remedy if the State and court fail to abide by the 90-day time limit and the court has not granted a continuance for any of several reasons enumerated and described in K.S.A. 22-3402(3).

Such a continuance may be granted, for example, if "[b]ecause of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this section." K.S.A. 22-3402(3)(d).

In this case, Arrocha was bound over on charges of aggravated robbery and kidnapping on June 22, 2000. Defense counsel was not available for the July 12 docket call suggested by the court and requested a docket call setting in August. The district court set the docket call on August 17.

At the August 17 docket call, the defense sought a trial setting. The State indicated it was available for trial on September 18. Defense counsel asked for the trial to be set on October 30. The district court set the trial for October 30.

On October 20, the public defender moved to withdraw from the case, and Frank Gilman was appointed to represent Arrocha. On October 27, defense counsel moved for a continuance of the trial, and the State voiced no objection. The district court granted the continuance and offered to set the case for trial or put it on the next docket call. Defense counsel asked for a docket call on November 16 so that he could determine if he had any motions to file.

On November 16, defense counsel requested a jury trial setting, but the prosecutor asked for the case to be set on docket call. Defense counsel agreed, and the court set the case for the next docket call on November 30.

On November 30, the State and defense counsel appeared at the docket call. The earliest trial date assigned to any defendant at the docket call was January 8, 2001. We know that date was still available when Arrocha's case was called, because it was assigned to the two cases that followed his. Despite this, his lawyer sought a trial date of January 29. When told January 29 was not available, he then asked the court to set the case for trial on January 22. The court did so.

On January 19, the district court granted defense counsel's request to continue the trial date to February 12.

On February 9, the prosecutor moved to continue the jury trial, and the court set the trial date for February 26. The court made

an explicit finding that this continuance would be taxed to the State for speedy trial purposes.

Arrocha was not able to post bond and remained in custody at all times after arraignment. He filed a motion to dismiss based on violation of the 90-day time limit in K.S.A. 22-3402(1).

At the February 23, 2001, hearing on the motion, the district court taxed the following time periods to the State: June 22 to July 12, 2000 (20 days); August 17 to September 18, 2000 (32 days); November 30, 2000, to January 19, 2001 (42 days); and February 12 to February 26, 2001 (14 days). Regarding the period from November 30, 2000, to January 19, 2001—which was determinative of whether the total number of days taxed to the State exceeded the 90-day limit— the court stated:

"I don't disagree with the State's attorney that the docket call on November 30th transcript might come out the same way if some different things had been said, but they weren't. And as I say, the Court's time is the State's time, and no one announced ready for any other date, and I think the State is stuck with that time."

The State also argued at the hearing that the 90-day limit did not apply to Arrocha because he was not in custody solely because of the aggravated robbery and kidnapping charges. A detainer had been filed on February 21, 2001, because of outstanding warrants for Arrocha in Jackson County, Missouri. The district court rejected this argument, finding Arrocha had been in custody solely because of the charges in this case from the time of arraignment until after the 90 days had passed.

### Effect of Missouri Detainer

Before we calculate the days attributable to the defense and to the State under the speedy trial statute, we must address which subsection of the statute applied to Arrocha. In order for subsection (1) containing the 90-day time limit to apply, Arrocha must have been in custody solely because of the charges in this case. See K.S.A. 22-3402(1). The State has contended the Missouri warrants made the 90-day limit inapplicable.

The Missouri warrants were issued in Jackson County on October 29, 2000, and December 2, 2000; but both Arrocha and the

State were unaware of them until the filing of the detainer on February 21, 2001.

Without notice, Arrocha was unable to take steps to dispose of the warrants and return to the status of being held solely on the charges in this case. We are satisfied that, on the record before us, Arrocha was held in jail solely on the charges stemming from this case until the detainer was filed. The district court did not err in so finding.

### Calculation of Time Under Speedy Trial Statute

On appeal, the question of whether Arrocha's statutory speedy trial right was violated is a question of law over which this court has unlimited review. See *State v. Smith*, 271 Kan. 666, Syl. ¶ 6, 24 P.3d 727 (2001).

The State first argues Arrocha should have been assessed all of the time from the June 22 arraignment until the August 17 docket call, because defense counsel could have requested a jury trial setting at the time of the arraignment. According to the record, the district court made known its intention to set the case for docket call on July 12 before defense counsel asked for the continuance of the docket call to August. The prosecution and the court are on the same team for speedy trial calculation purposes. Thus the district court was correct to assess the 20 days from arraignment to July 12 to the State. The only delay caused by the defense fell between July 12 and August 17.

The State briefly argues that Arrocha acquiesced to all of the delay between August 17 and October 30. This argument is not supported by the record. On August 17, 2000, Arrocha requested a jury trial setting. The State announced it was ready for trial on September 18, but the defense was not. The court set the case for trial to begin on October 30, and the defense, the prosecution, and the court agreed that the defense would be assessed the time from September 18 to October 30. It is illogical to argue that the defense should also have been assessed the time from August 17 to September 18 when the State had sought the September 18 setting. The district court properly assessed the 32 days from August 17 to September 18 to the State.

The State further contends that it was available to bring Arrocha to trial on October 30 and therefore the time from October 30 until January 19 should be attributed to the defense. We agree but reach that conclusion by a different route, one that requires us to break the period into several shorter periods.

First, it is clear the defense did cause the delay from October 27 to November 16, because it initiated the substitution of counsel and ensuing continuance of the October 30 trial setting to the November 16 docket call. When November 16 came, the State was the party asking the court to set the case over to the docket call on November 30. However, defense counsel's acquiescence in that plan meant the 14 days from November 16 to November 30 are attributable to Arrocha. See *State v. Southard*, 261 Kan. 744, 748, 933 P.2d 730 (1997) (defendant may waive speedy trial by acquiescing in grant of continuance; defense counsel's actions attributable to defendant in computing speedy trial violations).

Thus, as of November 30, the total of days taxable to the State under K.S.A. 22-3402(1) rested at 52 days (20 + 32 = 52). As with the district court's calculation, our assessment of the time from November 30 until the defense made its second request for a continuance of trial on January 19 is determinative. The proper attribution of the time after that point is clear: The defense bears the burden of the delay from January 19 until February 9; the State clearly bears the burden of the delay from February 9 until February 23, when the case was dismissed. If the defense must take responsibility for the period from November 30 until January 19, the State's total of 66 days is well within the 90-day limit and dismissal was error. If, instead, the State must take responsibility for the period from November 30 until January 19, an additional 50 days, then its total of 116 days made dismissal mandatory.

The State argues November 30 to January 19 should be taxed to the defense because defense counsel initially sought a January 29 trial date and acquiesced in a January 22 trial setting when he appeared at the November 30 docket call. The counterarguments are that Arrocha's counsel's actions on November 30 did not constitute a waiver of his client's speedy trial rights, that the State and the court bore the responsibility to bring Arrocha to trial within

the statutory time limit regardless of Arrocha's or his counsel's conduct or statements on November 30, and that the record evidences no continuance under K.S.A. 22-3402(3)(d). The entire record of the treatment of this case at the November 30 docket call follows:

"THE COURT: State of Kansas v. John Arrocha.

"[PROSECUTOR] MS. CAMERON: State appears by Brenda Cameron.

"[DEFENSE COUNSEL] MR. GILMAN: Defendant appears in custody, with Frank Gilman, his attorney.

"We ask this be set for trial. I was hoping the court had the 29th available of January. It doesn't look like it on the sheet.

"THE COURT: No. We don't have a trial week that week.

"MR. GILMAN: Then the 22nd.

"THE COURT: You think this is a two-day case?

"MR. GILMAN: I'll leave that up to the D.A.

"MS. CAMERON: I would say two days.

"THE COURT: January 22nd.

"MS. CAMERON: We have a sexual predator case that day in here.

"THE COURT: I really don't think that will go that soon. I would be surprised. We have other cases set that day. We'll give you a setting of January 22nd at 8:45. Pretrial conference will be January 19th at 1:30."

Immediately after this exchange, the district court assigned two other cases trial dates of January 8, 2001, one of them after intially assigning a later date and then changing it to January 8 when the court raised a speedy trial question sua sponte. As mentioned above, January 8 was the earliest trial date assigned to any case during the November 30 docket call. Although we cannot be sure, it appears to have been the earliest trial date available on the court's calendar.

The district court appears to have applied *State v. Hines*, 269 Kan. 698, 7 P.3d 1237 (2000), in finding the November 30 to January 19 time period should be charged to the State. In *Hines*, the State appealed the district court's dismissal of charges against the defendant for a violation of his right to a speedy trial under K.S.A. 22-3402(1). The defendant was arraigned on November 3, 1998, and a substantial portion of the delays between arraignment and the April 19, 1999, trial date were attributed to a court-ordered continuance under K.S.A. 22-3402(3). On April 16, 1999, defense

counsel requested a continuance of the trial because of the recent death of a family member; however, the defendant himself objected. The court continued the case and set the new trial date beyond the speedy trial maximum date. The State neither objected to the continuance nor raised the speedy trial problem.

Despite the fact that defense counsel requested the continuance, the Kansas Supreme Court found K.S.A. 22-3402(1) was violated:

"At the hearing on April 16, 1999, no mention was made of the statutory time left to try the defendant. While defense counsel requested a continuance, the defendant clearly did not waive his rights under K.S.A. 22-3402(1). Neither the State, whose obligation it is to insure that an accused is provided a speedy trial (see *State v. Green*, 254 Kan. at 672), nor the court mentioned the 90-day requirement in K.S.A. 22-3402(1). While it may have been impossible to set the defendant's case within the time remaining . . . the record provides no evidence to support such a conclusion. Had the trial court been aware of or alerted to the defendant's rights under K.S.A. 22-3402(1), the court may have been able to rely on the provisions of K.S.A. 22-3402(3)(d) to set the defendant's trial on May 10, 1999, without violating the defendant's right to a speedy trial under K.S.A. 22-3402(1).

"The State argues that the court did not abuse its discretion in granting the last continuance. We agree, and further agree that given the choices, the trial court's grant of a continuance was an exercise of sound judicial discretion. Nevertheless, neither the State, which agreed with the continuance, nor the court, which granted the continuance and set the case for hearing beyond the time required by K.S.A. 22-3402(1), acknowledged any problem. We may not assume, based upon a silent record, that it was impossible to comply with the provisions of K.S.A. 22-3402(1) or that the court's setting was based on K.S.A. 22-3402(3)(d)." 269 Kan. at 704.

*Hines* appears to represent a unique exception for circumstances when defense counsel and the defendant openly disagree about setting a trial date beyond the statutory time limit. Generally, as noted above, defense counsel's actions or statements that result in delay bind the defendant. For example, in *Southard* the defendant argued his speedy trial rights were violated under K.S.A. 22-3402(1). At arraignment, defense counsel had requested a separate hearing on motions to suppress. The district court set the requested hearing on the motions for 28 days later. Although the State had said it would also have a motion to argue at the hearing, the district court taxed the 28 days to the defense. This court affirmed.

Likewise, in *State v. Biarda*, 27 Kan. App. 2d 570, 571-72, 7 P.3d 317 (2000), the State appealed the dismissal of a complaint for a violation of the defendant's right to speedy trial under K.S.A. 22-3402(2). The State argued on appeal that part of the delay in bringing the defendant to trial was attributable to the defendant because a continuance was granted from December 17, 1998, until January 18, 1999, for the defendant to pursue a diversion. This court found that the defendant benefitted from the continuance because it permitted her to complete her application for diversion and the limited record did not reveal which party requested the continuance or whether the ultimate trial date was postponed by postponing the pretrial proceedings. 27 Kan. App. 2d at 572. In addition, the State provided documents that showed one pretrial continuance was the result of the application or acquiescence of the defense. Thus, we assessed the time to the defense under *Southard*.

We do not believe *Hines* was intended to lay down a broad rule requiring the State or the court to explore and resolve the speedy trial issue on the record each time defense counsel seeks a continuance or suggests a trial date. If the defense stands silent, neither advocating nor acquiescing in delay, or the defendant and defense counsel disagree as in *Hines*, the State must beware. In such circumstances, prosecutors and the district courts are well advised to put consideration of the applicable time limit in the speedy trial statute on the record, as well as any motion or order under K.S.A. 22-3402(3)(d). Such a precaution was not necessary here, because Arrocha's counsel took the extra step of seeking a trial date beyond the 90-day time limit, and Arrocha was bound by his counsel's action when he failed to speak out against it.

Reversed and remanded for further proceedings consistent with this opinion.