NOT DESIGNATED FOR PUBLICATION

No. 114,399

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

TODD ALAN TRIMMELL,
*Appellee*.

MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed July 1, 2016. Reversed and remanded.

*Stephen P. Jones*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Brian K. Johnson*, of Johnson Law Firm, LLC, of Oswego, for appellee.

Before GREEN, P.J., MCANANY and ATCHESON, JJ.

*Per Curiam*:  The State charged Todd Alan Trimmell with stalking and criminal trespass. After his arraignment, defense counsel asked for several status conference continuances. The State failed to set a trial date within 180 days after his arraignment. Trimmell moved to dismiss the complaint against him for violation of his statutory right to a speedy trial under K.S.A. 2012 Supp. 22-3402(b). The trial court granted his motion to dismiss for violation of the 180-day rule. The State appeals, arguing defense counsel's requests for status conference continuances were attributable to Trimmell and tolled the speedy trial clock. We agree. Accordingly, we reverse and remand for further proceedings.

1

The State charged Trimmell with stalking, a class A person misdemeanor, and criminal trespass, a class B nonperson misdemeanor, for conduct occurring between January 1, 2013, and September 23, 2014.

On December 8, 2014, Trimmell was arraigned, and the trial court set a status hearing for January 12, 2015. The court appointed Lucas Nodine as Trimmell's attorney.

On January 12, 2015, the court held a status conference with Trimmell, Nodine, and the State. All parties were present for the status conference.

On February 2, 2015, Trimmell and Nodine appeared for a status conference. Nodine requested that the court pass the case for a further status conference to March 2, 2015. The court also excused Trimmell from appearing.

On March 2, 2015, Trimmell appeared by Nodine for a status conference. Nodine told the court that a plea offer was pending and requested the court pass the case for a status conference to April 6, 2015.

On April 6, 2015, Trimmell appeared by Nodine for a status conference. Nodine again requested the court pass the case for another status conference to May 11, 2015. No reason for the continuance was included in the record.

On May 11, 2015, Trimmell appeared by Nodine for a status conference. Nodine again requested the court pass the case for another status conference to June 8, 2015. No reason for the continuance was included in the record.

On June 8, 2015, the court continued the status conference to June 11, 2015, due to a conflict in schedules.

2

On June 11, 2015, Trimmell appeared by Nodine for a status conference. Nodine requested the court set the case for a bench trial on July 7, 2015.

On June 23, 2015, Trimmell filed a motion to dismiss the case because of a speedy trial violation under K.S.A. 2012 Supp. 22-3402.

On July, 6, 2015, Trimmell moved for a trial continuance.

On July 23, 2015, the trial court granted Trimmell's motion to dismiss. In its order, the court rejected the State's argument that Trimmell had waived his right to a speedy trial by requesting or acquiescing to the status conference continuances. The court determined that while Nodine requested a number of status conference continuances, he never requested a trial continuance. The court also determined that the State had failed to prove Trimmell knowingly acquiesced to these requests because Trimmell had not personally been present on the dates Nodine made them. Furthermore, the court noted, status conferences were a long-standing practice of the court, and they did not toll the running of the speedy trial clock.

*Did the Trial Court Err in Granting Trimmell's Motion to Dismiss the Complaint Against Him on the Ground That the 180-Day Rule Under K.S.A. 2012 Supp. 22-3402(b) was Violated?*

The State argues that Nodine's requests for status conference continuances constituted delays caused by Trimmell, and those delays caused by Trimmel should not have resulted in the dismissal of the complaint. The State further argues that this was not a case of a defendant passively acquiescing to a continuance, because Nodine, not the State, made the requests.

3

On the other hand, Trimmell argues that the State had the duty to timely schedule trial. He further contends that he did not actively request a continuance. Moreover, he asserts that the State did not schedule his trial within the 180-day statutory time period. As a result, the State did not fulfill its duty to bring him to trial no later than 180 days after his arraignment. He also argues that the record does not demonstrate that he knowingly acquiesced to the status conference continuances, thus they were not attributable him. Finally, he contends, as a matter of public policy, that this court should find status conferences are not the equivalent of continuances and do not toll the speedy trial clock.

*Standard of Review*

This court exercises unlimited review over a trial court's decision regarding violations of a defendant's statutory right to speedy trial. *State v. Vaughn*, 288 Kan. 140, 143, 200 P.3d 446 (2009).

*Statutory Right to Speedy Trial*

Kansas law provides a statutory right to a speedy trial under K.S.A. 2012 Supp. 22-3402. Under K.S.A. 2012 Supp. 22-3402(b), the State must bring a person charged with a crime and released on bond to trial within 180 days. The statutory speedy trial clock starts running at arraignment. K.S.A. 2012 Supp. 22-3402(b); *State v. Brownlee*, 302 Kan. 491, 503, 354 P.3d 525 (2015). The State bears the burden of ensuring a defendant receives a speedy trial, and the defendant does not need to take any affirmative action to see that the State observes this right. *State v. Adams*, 283 Kan. 365, 369, 153 P.3d 512 (2007). If, however, a delay is attributable to a defendant's application or fault, such delay tolls the speedy trial clock. K.S.A. 2012 Supp. 22-3402(b); *Brownlee*, 302 Kan. at 507. Defense counsel's actions are attributable to the defendant for speedy trial purposes. *Adams*, 283 Kan. at 369.

This case raises several sub-issues: (1) whether the record on appeal is sufficient for review; (2) whether the State fulfilled its burden to bring Trimmell to trial within the 180-day rule; (3) whether status conference continuances toll the speedy trial clock; and (4) whether some or all of Nodine's status conference continuances should have been attributable to Trimmell.

*Record on Appeal*

While both parties are in agreement as to the facts listed earlier, these are essentially the only established facts in this case. The record on appeal is sparse, consisting almost entirely of the trial court's minutes sheet. The minutes sheet does not indicate why Nodine was requesting to pass on status conferences, other than on March 2, 2015, when a plea offer was pending. There are no transcripts other than the transcript for the hearing on the motion to dismiss. The record does not indicate why Trimmell was excused from appearing or whether he agreed or disagreed with Nodine's actions. These unusual circumstances are important considerations in determining if some or all of the delays should have been attributable to Trimmell.

As the appellant, the State bears the burden of providing a sufficient record on appeal. See *State v. Bridges*, 297 Kan. 989, 1001, 306 P.3d 244 (2013). Furthermore, because Trimmell was not present when some of the requests for the status conference continuances were made, the State also bears the burden of showing Trimmell agreed to Nodine's requests. *Brownlee*, 302 Kan. at 507 (quoting *Vaughn*, 288 Kan. at 145).

*State's Burden*

Based on this limited record, the State seems to have made little to no effort to bring Trimmell to trial within the 180-day rule. Trimmell's arraignment was on December

5

8, 2014. Because Trimmell was released on bond, the end of the statutory speedy trial period would have been 180 days later on June 6, 2015. The State does not appear to have taken any action to fulfill its duty to bring Trimmell to trial within the 180-day rule. The trial court did not set a trial date until Nodine requested one, 185 days after Trimmell's arraignment. The record on appeal does not indicate that the State ever raised the speedy trial issue. In fact, the State is only listed as making an appearance on January 12, 2015.

The State's failure to take action in this case does not necessarily indicate that Trimmell's speedy trial rights were violated. While the diligence of the State in setting a trial date is a factor courts have considered in determining whether to charge a delay to the State or the defendant, it is not necessarily dispositive. See *State v. Bean*, 236 Kan. 389, 392, 691 P.2d 30 (1984) (finding delay chargeable to defendant and noting State was diligent in setting trial before the running of speedy trial period); *State v. Martinez*, No. 102,512, 2010 WL 2816816, at *2 (Kan. App. 2010) (unpublished opinion) (finding State's failure to set trial date within specific time period did not prevent delays from being attributed to defendant). A delay may still be attributable to the defendant even if the trial court has not set a trial date. See *State v. Arrocha*, 30 Kan. App. 2d 120, 123, 39 P.3d 101, *rev. denied* 273 Kan. 1037 (2002); *Martinez*, 2010 WL 2816816, at *2-3. Thus, if there were delays that should have been attributable to Trimmell, which would have tolled the 180-day rule, the State's lack of action would not require the dismissal of this case.

*Status Conferences and Continuances*

Another dispositive issue in this case is whether status conferences, and status conference continuances, toll the speedy trial clock. Kansas courts have found a wide range of conduct may be attributable to a defendant for speedy trial purposes. Most commonly, a defendant waives his or her statutory speedy trial right by requesting or

6

acquiescing to a trial continuance or filing a motion that delays trial beyond the statutory deadline. *Brownlee*, 302 Kan. at 506-07. A defendant may also waive his or her speedy trial rights by requesting a continuance of pretrial proceedings. See *e.g.*, *State v. Pierson*, 222 Kan. 498, 502, 565 P.2d 270, *cert. denied* 434 U.S. 868 (1977) (continuance of pretrial conference attributed to defendant); *State v. Biarda*, 27 Kan. App. 2d 570, 570-72, 7 P.3d 317 (2000) (continuance of "pretrial matters" attributed to defendant). Several unpublished cases have also held that a defendant's request for a continuance of a status conference or hearing tolled the speedy trial period. See, *e.g.*, *State v. Williams*, No. 108,179, 2013 WL 5422325, at *4 (Kan. App. 2013) (unpublished opinion) (status hearing rescheduled because defendant unable to attend and time charged to defendant); *State v. Young*, No. 107,056, 2013 WL 4778148, at *3-4 (Kan. App. 2013) (unpublished opinion) (defendant acquiesced to State's status hearing continuance and time charged to defendant).

Trimmell asks this court to distinguish between status conferences and continuances for speedy trial purposes. At the hearing on Trimmell's motion to dismiss, there was some debate on this question. In its order, however, the trial court noted that Nodine "did request a number of continuances of the status conference hearing." The trial court also ruled that while Nodine requested status conference continuances, he did not ask for a trial continuance, thus status conference continuances did not toll the speedy trial period. Under K.S.A. 2012 Supp. 22-3402(b), however, any action of a defendant that delays proceedings may toll the speedy trial period. As noted earlier, this is not limited to trial continuances. Furthermore, a delay may be attributable to a defendant even if it does not necessitate the rescheduling of trial. See *Arrocha*, 30 Kan. App. 2d at 123; *Martinez*, 2010 WL 2816816, at *3. In this case, neither Nodine nor Trimmell requested rescheduling of trial, but Nodine did repeatedly request rescheduling of status conferences.

*Attribution of Nodine's Requests to Trimmell*

The final issue in this case is whether Nodine's status conference continuances should have been attributable to Trimmell. Generally, when defense counsel's actions delay trial, those actions are attributable to the defendant unless the defendant timely voices his or her disagreement. *Brownlee*, 302 Kan. at 507. If a defendant fails to object, his acquiescence may result in a waiver of speedy trial rights. In such instances, "'the State must demonstrate more than mere passive acceptance and must produce some evidence of agreement to the delay by the defendant or defense counsel. The record must support a conclusion that the defendant expressly or impliedly agreed to the delay.'" *Brownlee*, 302 Kan. at 507 (quoting *Vaughn*, 288 Kan. at 145).

*Standards of Review*

Kansas courts have applied two standards of review in determining whether a defendant acquiesced to a continuance. In many cases, courts have regarded the issue as a factual determination and reviewed the finding for substantial competent evidence. *Vaughn*, 288 Kan. at 143. In other cases, courts have reviewed the issue de novo. See *Brownlee*, 302 Kan. at 506.

*Substantial Competent Evidence Standard*

In *Vaughn*, our Supreme Court held that the question of whether a defendant acquiesced to a continuance is a factual determination. 288 Kan. at 143. This court reviews factual findings for substantial competent evidence. *State v. Miller*, 293 Kan. 535, 547, 264 P.3d 461 (2011). In this case, the trial court determined that the State bore the burden to show Trimmell caused a delay or acquiesced to Nodine's requests and that the limited record failed to meet this burden. The trial court noted that the record indicated only that Nodine had requested status conference continuances. As a result,

8

there was no way to establish that Trimmell knowingly acquiesced. Although this statement is true for most of the status conference continuances, it is not true for all of them. Substantial competent evidence establishes that Trimmell acquiesced to the continuance on Feburary 2, 2015, because he was present when the request was made, and he did not object. Second, substantial competent evidence also establishes the reason why Nodine requested the continuance on March 2, 2015: to consider a plea offer.

This information about the March 2, 2015, request is relevant because Kansas courts have considered whether a defendant benefitted from a delay in deciding whether to attribute that delay to the defendant. For example, in *Biarda*, trial records did not indicate whether the defendant or the State had requested a trial continuance. The continuance did, however, give the defendant time to complete her application for diversion. Absent any proof that the trial court granted the continuance for any other reason, the *Biarda* court held the time should be attributed to the defendant because she benefitted from the delay. 27 Kan. App. 2d at 572; see also *City of Topeka v. Jones*, No. 91,996, 2005 WL 217175, at *3 (Kan. App. 2005) (unpublished opinion) (not attributing time to schedule pretrial hearing to defendant in part because State could not demonstrate defendant benefitted from delay); *State v. Labrum*, No. 89,621, 2004 WL 1443895, at *4 (Kan. App.) (unpublished opinion), *rev. denied* 278 Kan. 850 (2004) (finding continuances to negotiate plea deal, obtain new counsel, and prepare for trial attributable to defendant because he benefitted from them). In this case, the continuance from March 2, 2015, to April 6, 2015, was due to a pending plea offer. This arguably benefitted Trimmell because the continuance allowed him time to consider a plea deal which could possibly secure a reduced charge and sentence. Thus, based on the evidence in the record, this time should be attributable to Trimmell, even if he did not request the delay.

*De Novo Standard*

In *Brownlee*, our Supreme Court addressed an issue similar to the one in this case under a de novo standard of review. 302 Kan. at 506; see also *State v. Taylor*, No. 104,455, 2011 WL 3795481, at *2, 4 (Kan. App. 2011) (unpublished opinion) (findings defendant did not acquiesce to actions of defense counsel made in defendant's absence). In *Brownlee*, the felony defendant was not present at a hearing in September, and defense counsel requested a continuance. Before the September hearing, the defendant had filed motions making clear he wanted his trial set within the statutory speedy trial period. At a hearing in December, the defendant told the trial court that he had wanted to set a trial date in September rather than ask for a continuance. On appeal, our Supreme Court determined that the defendant was not present at the September hearing in violation of his statutory right to be present at the hearing of any motion, and he was not able to object. Because he was not there to object, the court relied on his earlier motions requesting a speedy trial and held that he did not acquiesce to defense counsel's request for a continuance. Thus, the delay caused by the continuance was not attributable to the defendant. 302 Kan. at 507-08.

In this case, Trimmell was not present to object to all but one of Nodine's requests for continuances. In contrast to *Brownlee*, however, the record does not indicate that these status conferences involved hearings on motions which would require his presence under K.S.A. 2012 Supp. 22-3208(7). Additionally, misdemeanor defendants may appear solely by counsel under Kansas law. K.S.A. 22-3405(2). Thus, Trimmell's absence does not seem to be in violation of any of his rights, as in *Brownlee*. Furthermore, there is no evidence of disagreement between Trimmell and Nodine, and Trimmell has not claimed he would have objected to any of the continuances had he been present. See *Brownlee*, 302 Kan. at 495 (defendant later told court he disagreed with counsel's request for a continuance and counsel eventually withdrew due to problems in attorney-client relationship); *Taylor*, 2011 WL 3795481, at *1 (defendant replaced attorney who

10

requested continuance in his absence and filed affidavit asserting he would have objected had he been present).

On the other hand, the record on appeal does not establish why the court excused Trimmell from appearing or why he did not make later appearances. See *Taylor*, 2011 WL 3795481, at *4 (noting defendant was incarcerated and thus had not voluntarily failed to appear). Moreover, the State bears the burden of establishing Trimmell either explicitly or impliedly agreed to the continuances. *Brownlee*, 302 Kan. at 507.

The State argues this is not a case of the defendant passively accepting because defense counsel, and not the State, requested the continuances. The State cites *Vaughn*, a case in which our Supreme Court found passive acceptance of a continuance does not waive a defendant's speedy trial rights, based on a factual situation in which defense counsel had not requested the continuance. See 288 Kan. at 145. Contrary to the State's argument, though, our Supreme Court has applied the rule from *Vaughn* to cases where defense counsel requested a continuance. See *Brownlee*, 302 Kan. at 507-08. Thus, the State is incorrect that the rule on passive acceptance only applies when the State causes the delay.

Despite uncertainty as to whether all of Nodine's requested continuances may be attributable to Trimmell, under either standard of review, at least two of the delays may be chargeable to Trimmell. First, Trimmell was at the February 2, 2015, status conference, and Nodine requested a continuance to March 2, 2015. This 28-day delay is attributable to Trimmell because he was present when Nodine made the request, and he did not object. Second, Nodine requested another continuance on March 2, 2015, because a plea offer was pending. Because this continuance arguably benefitted Trimmell, this 35-day delay is also attributable to Trimmell. In total, this adds 63 days to the speedy trial period, making August 8, 2015, the deadline for the State to bring Trimmell to trial.

Because trial was set for July 7, 2015, a month before the deadline, Trimmell's statutory right to speedy trial was not violated.

*Abandoned Claims*

In his original motion to dismiss, Trimmell raised claims of a violation of his rights to a speedy trial under the United States and Kansas Constitutions and under K.S.A. 2012 Supp. 22-3402. The trial court only addressed the statutory speedy trial argument in its order. Trimmell only argues his statutory speedy trial rights were violated on appeal. Because he did not raise the issue of his federal and state constitutional right to a speedy trial on appeal, we deem these issues waived and abandoned. See *State v. Boleyn,* 297 Kan. 610, 633, 303 P.3d 680 (2013) ("An issue not briefed by an appellant is deemed waived and abandoned.").

Reversed and remanded for further proceedings.