No. 56,633

STATE OF KANSAS, *Appellant,* v. GREGORY ALLAN BEAN, *Appellee.*

(691 P.2d 30)

Opinion filed November 30, 1984.

*William H. Pringle,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for the appellant.

*Jane M. Isern,* of Great Bend, was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal by the State. The single issue is whether the trial court erred in discharging the defendant because he had not been tried within 180 days after his arraignment as required by K.S.A. 22-3402.

On May 15, 1983, Gregory Allan Bean (defendant-appellee) was arrested on two charges: driving while under the influence of alcohol in violation of K.S.A. 1983 Supp. 8-1567, and driving left of the center line in violation of K.S.A. 8-1514. The appearance date was set for May 26, 1983. On that date, neither the defendant nor his attorney appeared, but the defendant was contacted by the court and his attorney entered a plea of not guilty. The defendant remained free on bond.

On June 30, 1983, and again on August 23, 1983, the county attorney wrote the court and requested a trial setting. No action was taken until September 15, 1983, when the court advised that the case was set for trial on September 26, 1983. On the day of the trial, the defendant filed a demand for jury trial resulting in cancellation of the trial that day. The defendant's attorney claimed she had orally advised the court that the defendant

intended to demand a jury trial and the court had cancelled the trial prior to September 26. However, neither of these contentions are supported by the record.

On October 14, 1983, the county attorney again wrote to the court requesting a trial setting. In the letter he advised the court the K.S.A. 22-3402(2) 180-day limit would run on November 22, 1983. The court subsequently set the trial for December 19, 1983, and notified both attorneys by letter dated October 17. The county attorney notified the court that this trial date was beyond the November 22 deadline, and, therefore, the court rescheduled the trial for November 10, 1983. The record shows the court sent letters to both attorneys on October 20, 1983, notifying them of the November 10 trial. In her brief, the defendant's attorney claims she did not receive her letter until November 7, 1983 - three days before the trial, eighteen days after the letter was mailed. At the hearing on the motion for dismissal, she said she received the letter sometime between six and ten days before the November 10 trial. At any rate, the defendant's attorney apparently heard about the trial date by October 25, 1983, because on that day she called the court and objected to the trial date. The court advised her that she either had to go ahead with the trial as scheduled or request a continuance, and so she requested a continuance. In her brief, defense counsel claimed she could not be ready for trial by November 10, because she did not have sufficient time to subpoena her five witnesses, two of which resided outside the county. At the hearing, she claimed she needed the continuance because her client was in Las Vegas. She asked for the continuance because she was "boxed in."

The court granted the continuance "ex parte" and the trial was rescheduled for January 20, 1984. The county attorney wrote the court on October 31, 1983, inquiring if there was to be a continuance and again advising the court of the November 22 deadline. In a letter dated November 3, 1983, the court notified both attorneys of the continuance to January 20, 1984. On November 4, 1983, the county attorney wrote the court to verify that the continuance would be charged to the defendant as he had previously been informed by the court. On November 10, the defendant's attorney wrote the court, objecting to the continuance being charged to the defendant. In light of this letter the county attorney, on November 14, 1983, requested an immediate

setting. The court again advised the county attorney that the continuance would be charged to the defendant and there would be no problem with the running of the 180 days. On November 17, 1983, the defendant's attorney wrote the court and requested a hearing concerning the running of the 180 days. No hearing was ever conducted.

On January 16, 1984, four days before the scheduled trial, the county attorney was informed that the defendant's attorney had made an oral motion that the charges against the defendant be dismissed because he had not been tried within the 180-day period provided by K.S.A. 22-3402(2). The hearing was held the next day. The trial court sustained the motion. The State moved for a rehearing, which was denied. The State now appeals the order of dismissal.

K.S.A. 22-3402(2) provides:

"If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, *unless the delay shall happen as a result of the application or fault of the defendant,* or a continuance shall be ordered by the court under subsection (3)." (Emphasis added.)

The State advances two separate theories in support of its contention that the trial court erred in dismissing the action. First, it maintains that since the defendant requested the continuance, the entire period should have been charged to the defendant, thus tolling the statute and preventing dismissal. Secondly, the State asserts that the statute's 180-day requirement should not be strictly construed. Instead, the court should look to factors considered in determining if there has been a denial of the constitutional right to speedy trial: length of delay, reasons for the delay, prejudice to the defendant, and the defendant's assertion of his rights. See *Barker v. Wingo,* 407 U.S. 514, 33 L.Ed.2d 101, 92 S.Ct. 2182 (1972).

We turn first to the State's argument that the continuance from November 10 until January 20 should have been charged to the defendant. It has been well established by this court that the burden of bringing an accused to trial within the allotted time is entirely on the State. A defendant is not required to take any affirmative action to see that his right is observed. *State v. Williams,* 187 Kan. 629, 635, 360 P.2d 11 (1961). However, in computing the amount of time between arraignment and trial,

those delays which are caused by the "application or fault" of the accused are not to be counted. See K.S.A. 22-3402(1) and (2); *State v. Powell,* 215 Kan. 624, Syl. ¶ 1, 527 P.2d 1063 (1974). As a corollary to the "application or fault" rule, an accused may waive his rights under the statute by his conduct, such as requesting, or even acquiescing in, the grant of a continuance. See *State v. Porter, Green & Smith,* 228 Kan. 345, Syl. ¶ 6, 615 P.2d 146 (1980).

Applying this rule to the case at hand, we find the continuance from November 10, 1983, to January 20, 1984, should have been charged to the defendant. Both the State and the court were ready to proceed to trial at all times. The State was diligent in seeing that the trial was set before the running of the 180 days.

Defendant asserts several arguments as to why the continuance should not have been charged against him. First, he claims his attorney was forced to request a continuance because of the court's failure to give her "actual notice" of the November 10 trial date in time for her to prepare. However, the defense counsel knew of the trial date at least by October 25 when she first called the court to request a continuance. When she requested the continuance, she created a delay by her own "application."

Defendant further argues he never "waived" the 180-day requirement. This argument is without merit. By requesting the continuance, the defendant's waiver is implied.

There is also no merit to the defendant's argument that the court should have extended the 180 days an additional 30 days pursuant to K.S.A. 22-3402(3)(d) which provides:

"Because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this section. Not more than one continuance of not more than thirty (30) days may be ordered upon this ground."

Defendant contends that rather than charging the continuance to him, the court should have used this statutory extension. However, the continuances found in subsection (3) of 22-3402 do not come into play if a delay by the "application or fault" of the defendant has tolled the 180 days. As we have previously noted, the defendant's request for a continuance tolled the 180 days. Therefore, subsection (3) is inapplicable in this situation.

Finally, the defendant argues that even though he requested a

continuance, the court or the State had the duty of setting the trial before the November 22 deadline, and since this was not done, the time between November 22 and January 20 cannot be charged to him. Defendant cites no authority to support this contention. In *State v. Sherman,* 217 Kan. 326, 536 P.2d 1373 (1975), we noted that any additional period of time assessed against a defendant due to the necessity of rescheduling a trial because of his fault should be limited to a reasonable time measured by the particular circumstances of the case. We believe the court rescheduled the defendant's trial within a reasonable time. The court apparently set the trial as soon as possible to schedule a hearing on its docket. Furthermore, the State fulfilled its duty by requesting an immediate trial upon learning the defendant was disgruntled with having the time charged against him. The State was not required to take further action because of the court's assurances that the entire time of the delay would be charged against the defendant.

We find the trial court erred in dismissing the case. The continuance from November 10, 1983, to January 20, 1984, should have been charged against the defendant.

The judgment of the trial court is reversed and the case is remanded for trial.