No. 92,413

STATE OF KANSAS, *Appellee*, v. MICHAEL J. BROWN, *Appellant*.

(157 P.3d 624)

Opinion filed April 27, 2007.

*Rick A. Kittel*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Kim Wiechman Cudney*, county attorney, argued the cause, and *Phill Kline*, attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, C.J.: Michael J. Brown was convicted by a jury of involuntary manslaughter while operating a vehicle under the influence of alcohol (K.S.A. 2006 Supp. 21-3442) and driving under the influence of alcohol (K.S.A. 2006 Supp. 8-1567[a][2]). He appealed his convictions and sentences to the Kansas Court of Appeals, raising several issues, including a claim that the trial court erred in denying his motion for discharge because he was not brought to trial within the applicable statutory speedy trial period.

The Kansas Court of Appeals affirmed Brown's conviction for involuntary manslaughter while driving under the influence of alcohol, but vacated the sentence due to error in calculating criminal history and remanded for resentencing. The panel reversed the conviction of driving under the influence of alcohol on the ground it was multiplicitous. *State v. Brown*, 34 Kan. App. 2d 746, 124 P.3d 1035 (2005). One member of the panel dissented on the

speedy trial issue. We granted Brown's petition for review on the single issue of whether Brown's statutory right to speedy trial was violated.

The issue before us requires that we determine whether speedy trial delay due to the defendant's continuance of the trial date is measured from the date the motion for continuance was granted or from the scheduled trial date. We hold that the period of delay to be assessed to the defendant began on the date the continuance was granted.

## FACTS

On April 15, 2003, in Washington County, Michael Brown was operating a motor vehicle in which his wife and son were passengers. Brown made a wide turn into the westbound lane of Highway 36 heading east. The Brown vehicle collided with another vehicle driving westbound. Brown's wife, Ruth, died the following day as a result of injuries sustained in the collision. Brown's blood was tested and was found to contain a blood alcohol level of 0.10 grams of alcohol per 100 milliliters of blood. More details are set forth in *State v. Brown*, 34 Kan. App. 2d 746.

## FACTS RELEVANT TO SPEEDY TRIAL

Brown was arraigned on June 4, 2003, and was taken into custody on that date. The court set the case for jury trial to begin August 20, 2003. On July 30, 2003, Brown's attorney filed a motion to continue the trial in order to retain an expert witness. On August 1, 2003, the trial court granted the motion and reset the trial to October 27, 2003. The journal entry granting the motion stated: "The time is assessed to the defendant."

On October 27, 2003, the county attorney was ill. This caused the trial court to vacate the trial date and set the case for a trial rescheduling conference to be held November 6, 2003. As a result of this conference, the trial was reset for November 20, 2003.

On November 13, 2003, Brown filed a motion for discharge pursuant to K.S.A. 22-3402 alleging that the statutory 90-day period expired on November 9, 2003. Brown contended that the delay caused by his continuance commenced to run on August 20, 2003,

the original trial date. The State countered that the delay attributable to Brown's continuance should be computed from August 1, 2003, the date the continuance was granted. If the 19 days between the date the motion was granted and the originally scheduled trial date are assessed to the defendant, then only 82 days elapsed between arraignment and trial. If the 19 days are assessed to the State, then 101 days had elapsed.

For convenience, the following chart shows the relevant chronological events and the period in dispute:

| DATE(S) | EVENT | NO. OF DAYS | CHARGEABLE TO: STATE | DEF. | DISPUTED |
|---|---|---|---|---|---|
| 1. 6/4/03 to 8/1/03 | Arraignment; case set for jury trial 8/20/03. | 57 | 57 | 0 | No |
| 2. 8/1/03 to 8/20/03 | Defendant's motion for continuance to retain expert granted; jury trial reset for 10/27/03. | 19 | ? | ? | Yes |
| 3. 8/20/03 to 10/27/03 | Period of time between original trial date and rescheduled trial date. | 68 | 0 | 68 | No |
| 4. 10/27/03 to 11/20/03 | Trial date vacated due to county attorney's illness; trial rescheduled for 11/20/03. Trial commenced 11/20/03. | 25 | 25 | 0 | No |
| | TOTALS | 169 | 82 | 68 | 19 |

The trial court assessed the 19 days in dispute to Brown, holding: "Because the continuance was sought by defendant it seems logical that the time chargeable to defendant should be from the time his motion was granted (August 1, 2003) to the continued trial date (October 27, 2003)."

The Court of Appeals affirmed the district court's denial of the motion for discharge, with two members of the panel holding that the delay from the date the continuance was granted until the rescheduled trial date was chargeable against the defendant for speedy trial purposes pursuant to K.S.A. 22-3402(1). *State v. Brown*, 34 Kan. App. 2d 746, Syl. ¶ 2. The dissent disagreed, contending that the period of delay should be computed from the originally scheduled trial date.

## ISSUE

The same narrow issue is the sole issue before us. Under the facts herein, should the 19 days between the granting of the defendant's motion for a continuance and the original trial date be charged to the defendant for computation of statutory speedy trial purposes? Our answer is yes.

## STANDARD OF REVIEW

A claimed violation of the statutory right to speedy trial presents an issue of law over which we have unlimited review. *State v. White*, 275 Kan. 580, 598, 67 P.3d 138 (2003). Moreover, the question of how to compute the number of days to be excluded from the statutory speedy trial calculation involves statutory interpretation, which is also a question of law over which we have unlimited review. See 275 Kan. at 600.

## APPLICABLE STATUTE

K.S.A. 22-3402 governs the statutory right to speedy trial and provides in pertinent part:

"(1) If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within ninety (90) days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the

application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

. . . .

"(3) The time for trial may be extended beyond the limitations of subsections (1) and (2) of this section for any of the following reasons:

(a) The defendant is incompetent to stand trial;

(b) A proceeding to determine the defendant's competency to stand trial is pending and a determination thereof may not be completed within the time limitations fixed for trial by this section;

(c) There is material evidence which is unavailable; that reasonable efforts have been made to procure such evidence; and that there are reasonable grounds to believe that such evidence can be obtained and trial commenced within the next succeeding 90 days. Not more than one continuance may be granted the state on this ground, unless for good cause shown, where the original continuance was for less than 90 days, and the trial is commenced within one hundred twenty (120) days from the original trial date;

(d) Because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this section. Not more than one continuance of not more than thirty (30) days may be ordered upon this ground."

## DISCUSSION

Although it is the State's obligation to ensure that the accused is brought to trial within the applicable speedy trial period, delays which result from the defendant's application or fault are not counted in computing the statutory period. *State v. Southard*, 261 Kan. 744, 746, 933 P.2d 730 (1997). Such delays include those which result from a continuance granted at the request of the defendant. A defendant, by requesting or acquiescing in the grant of a continuance, waives the statutory right to a speedy trial. *State v. Bafford*, 255 Kan. 888, 892, 879 P.2d 613 (1994).

While K.S.A. 22-3402(1) provides that delay caused by a continuance granted at the defendant's request is excluded from the speedy trial calculation, it does not set forth how to compute such delay. Further, the parties have not cited, nor have we found, a case in which we have been asked to determine whether speedy trial delay due to the granting of a defendant's motion for continuance should be measured from the date the continuance was granted, or from the previously set trial date. Thus, this is an issue of first impression.

We note there are cases in which delay due to a defense continuance was computed, but the results are inconsistent because the question of when to begin counting was not at issue. See, *e.g.*, *State v. Smallwood*, 264 Kan. 69, 955 P.2d 1209 (1998) (101 days of delay, which was the time period between original trial setting and new trial date, attributed to defendant's continuance); *State v. Bean*, 236 Kan. 389, 691 P.2d 30 (1984) (defendant charged with delay due to continuance from originally scheduled trial date to new trial date); *State v. Arrocha*, 30 Kan. App. 2d 120, 39 P.3d 101, *rev. denied* 273 Kan. 1037 (2002) (date defense continuance was granted served as the starting point for computing the period of delay attributed to defendant).

There are also cases addressing delay caused by defense motions, such as motions to suppress, or the filing of a notice of intent to rely on an insanity defense. See, *e.g.*, *State v. Southard*, 261 Kan. 744 (where defense counsel at arraignment requested a hearing date for anticipated motion to suppress that was later withdrawn, period of time between arraignment and the hearing chargeable to the defendant); *City of Dodge City v. Downing*, 257 Kan. 561, 894 P.2d 206 (1995) (period of delay between the date the defendant filed a motion to suppress and a reasonable period of time for the court to rule on it attributed to the defendant); *State v. Ji*, 251 Kan. 3, 832 P.2d 1176 (1992) (period between date defendant filed notice of intent to rely on insanity defense until date report filed attributed to defendant). Those cases, however, do not involve continuance of a previously scheduled trial date and, thus, are of little assistance herein.

We have, however, considered how to compute excludable delay with respect to continuances obtained by the State under 22-3402(3)(c). In *State v. White*, 275 Kan. 580, we held that the 90-day period allowed for a continuance granted to the State under K.S.A. 22-3402(3)(c) begins on the original trial date, not on the date on which the motion to continue was granted. 275 Kan. 580, Syl. ¶ 12. However, this conclusion rested heavily on the specific wording of subsection (3)(c):

"The portion of K.S.A. 22-3402(3)(c) allowing the 90-day continuance simply states that the trial may be continued if there are reasonable grounds to believe

the trial can begin 'within the next succeeding ninety (90) days.' The next sentence allows for another continuance for good cause shown if the original continuance was for less than 90 days 'and the trial is commenced within one hundred twenty (120) days from the *original trial date*.' (Emphasis added.)." 275 Kan. at 600-01.

*White* is not controlling or persuasive on the issue before us. There is a significant difference between the language used in K.S.A. 22-3402(1), which excludes delay that results from the "application or fault of the defendant," and the language used in K.S.A. 22-3402(3)(c), which refers to continuances for specific reasons and specific time periods from the original trial date.

With no case on point interpreting K.S.A. 22-3402(1), we look to the language of the statute. The rules governing our role are well established:

"The fundamental rule of statutory construction is to ascertain the legislature's intent. The legislature is presumed to have expressed its intent through the language of the statutory scheme. Ordinary words are given their ordinary meanings. A statute should not be read to add language that is not found in it or to exclude language that is found in it. When a statute is plain and unambiguous, the court must give effect to the legislature's intent as expressed rather than determining what the law should or should not be. [Citation omitted.]" *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

Applying this rule, we see that K.S.A. 22-3402(1) provides—without restriction—that delay that happens as a result of the application or fault of the defendant shall not be considered in computing statutory speedy trial. On the other hand, delay due to a continuance permitted to the State under subsection (3)(c) specifically references the "original trial date" as the operative date for computing an extension of the speedy trial time period.

The fact that subsection (1) attributes delay caused by the defendant without restriction, while a time extension due to the State's continuance under subsection (3)(c) is restricted, is a clear expression of the fact that it is the State's obligation, not the defendant's, to insure that the accused is brought to trial within the statutory speedy trial period. See *State v. Warren*, 224 Kan. 454, 456, 580 P.2d 1336 (1978). Thus, the speedy trial clock runs against the State, unless it is stopped under K.S.A. 22-3402(1) as a result of the fault or application of the defendant or the time is extended

under 22-3402(3). Accordingly, a continuance granted to the State extends the speedy trial period under very specific and narrow circumstances—upon a showing that the continuance is needed to obtain material evidence, that reasonable efforts have been made to procure such evidence, and that such evidence can be obtained and trial commenced within the next 90 days. K.S.A. 22-3402(3)(c).

On the other hand, the right to a speedy trial is a right or benefit provided to the defendant; as such, the defendant may waive this right by requesting a continuance or otherwise delaying the trial. See *State v. Bafford*, 255 Kan. at 892. Thus, a trial continuance granted to a defendant for any reason stops the speedy trial clock. This includes not only continuances granted for "good cause," but also *any delay* caused by the defendant, whether or not such delay was necessary, for a legitimate purpose, or a meritorious reason. Accordingly, the language of subsection (1) provides that delay that results from the defendant's application or fault is not counted in computing the speedy trial period, with no operative date specified for computing such delay. We will not read an operative date into this language.

Clearly, under K.S.A. 22-3402, the provisions applicable to the defendant and to the State are very different. In his motion for a continuance, Brown sought time to retain an expert witness. He did not state what type of expert witness he was seeking, why he needed such a witness, or whether he had made reasonable efforts previously to secure such a witness. The statute does not require such justification on the part of a defendant. The State, on the other hand, would be required to justify such a request with specificity if its motion is going to extend the time. Illustrative of the difference is the effect of the second trial date delay due to the county attorney's illness. There is no provision in the statute extending the time as a result of a prosecutor's illness, and there is no contention that it should have that effect herein. Yet, had the second trial date been delayed due to the illness of defendant or his counsel, the clock would have been stopped as the delay was the result of the fault of the defendant.

We reject the notion that the continuance did not actually cause delay until the original trial date passed. The matter of defendant

possibly securing an expert witness was anticipated to be time consuming. There was no possibility the trial could have been rescheduled for August 20. The journal entry granting the continuance states in part:

"THEREUPON, the court orders that the defendant provide the report of any expert defense witness to the State by September 10, 2003.

"THEREUPON, the court orders the jury trial continued to October 27 and 28, 2003 at 9:00 a.m. if no notice of a defense expert witness is given. If notice of a defense expert is given the trial shall be scheduled for November 12, 13, and 14, 2003 at 9:00 a.m."

This case was set for trial on August 20, 2003—a date within the speedy trial period. The only reason it did not go to trial that day was that the court granted the defendant's request for continuance. In other words, *but for* the defendant's successful request for a continuance, he would have been brought to trial on August 20, within the 90-day period mandated by K.S.A. 22-3402(1). As a practical matter, once the continuance was granted, the original trial date was off the table and of no significance. Therefore, the appropriate commencement date for computing the delay caused by the continuance was the date the motion for continuance was granted.

The dissent contends the following quote from *State v. Arrocha*, 30 Kan. App. 2d 120, supports assessing the State with the 19 days between the date Brown's motion was granted and the original trial:

"The State briefly argues that Arrocha acquiesced to all of the delay between August 17 and October 30. This argument is not supported by the record. On August 17, 2000, Arrocha requested a jury trial setting. The State announced it was ready for trial on September 18, but the defense was not. The court set the case for trial to begin on October 30, and the defense, the prosecution, and the court agreed that the defense would be assessed the time from September 18 to October 30. *It is illogical to argue that the defense should also have been assessed the time from August 17 to September 18 when the State had sought the September 18 setting. The district court properly assessed the 32 days from August 17 to September 18 to the State.*" (Emphasis added.) *Arrocha*, 30 Kan. App. 2d at 123.

The 32-day period in *Arrocha* is not, as the dissent contends, analogous to the 19 days at issue in this case. The instant case concerns a very narrow set of circumstances—the granting of a

defense motion for continuance of a previously scheduled trial date. The 32-day period of time addressed in *Arrocha* did not involve a defense request for continuance of a previously set trial date. Moreover, as the dissent admits, in other parts of the *Arrocha* opinion involving defense continuances of previously set trial dates, the date those continuances were granted served as the starting point for counting delay attributed to the defendant. Under these circumstances, *Arrocha* is not helpful.

The recent changes to the speedy trial statute do not alter our conclusion. New subsection (3) of K.S.A. 2006 Supp. 22-3402 requires that a trial continued at the request of the defendant be rescheduled within 90 days of the original trial deadline:

"(3)    If any trial scheduled within the time limitation prescribed by subsection (1) or (2) is delayed by the application of or at the request of the defendant, the trial shall be rescheduled within 90 days of the original trial deadline."

The form of the statute before us has no comparable provision relative to trial delays on application of a defendant. This new subsection (3) requires the trial to be rescheduled within 90 days of the "original trial *deadline*," not the "original trial *date*," which is the term used in K.S.A. 2006 Supp. 22-3402(5)(c) (formerly [3][c]), relative to prosecution extensions. See L. 2004, ch. 47, sec. 1. This difference is significant and is not inconsistent with the result we reach herein. The 90-day clock continues to run unless there is a delay as a result of the application or fault of the defendant which stops the clock. When delay is caused by the prosecution, the time for trial may be extended if the reason therefor is within one of the statutory grounds therefor. The new subsection is aimed at placing a duty on the court and the State to restart the speedy trial clock which has been stopped by the application or fault of the defendant and to reset the trial date within a specific time period. This new provision does not affect the issue before us.

## CONCLUSION

We hold that under the facts herein, the period of excludable delay to be charged to the defendant runs from the date the defendant's motion for a continuance was granted and not from the previously scheduled trial date.

We affirm the Court of Appeals opinion affirming the district court's denial of the motion for discharge.

LUCKERT, J., not participating.

LOCKETT, J., Retired, assigned.

BEIER, J., dissenting: I respectfully dissent from my colleagues' ruling on the narrow speedy trial issue in this case.

On the way to elaborating, I am compelled to address one of the cases cited by the majority for the following proposition: "We note there are cases in which delay due to a defense continuance was computed, but the results are inconsistent because the question of when to begin counting was not at issue." Slip op. at 8. The case is *State v. Arrocha*, 30 Kan. App. 2d 120, 39 P.3d 101, *rev. denied* 273 Kan. 1037 (2002). The majority's cite to *Arrocha* is accompanied by a parenthetical saying, "date defense continuance was granted served as the starting point for computing the period of delay attributed to defendant." Slip op. at 8. This is contrasted with two other Kansas cases computing time following a defense continuance differently.

This reference to *Arrocha*, a decision I wrote while serving on the Court of Appeals, tells half the story. The passage to which the majority's parenthetical evidently refers did *assume* when no explicit challenge was before the court that the dates on which defense continuances were sought or granted started the clock running against the defendant. *Arrocha*, 30 Kan. App. 2d at 124. Another portion of the opinion, however, described how an earlier segment of time should be allocated between the State and the defense and specifically addressed a period analogous to the 19 days at issue in this case. That portion of the opinion stated:

"The State briefly argues that Arrocha acquiesced to all of the delay between August 17 and October 30. This argument is not supported by the record. On August 17, 2000, Arrocha requested a jury trial setting. The State announced it

was ready for trial on September 18, but the defense was not. The court set the case for trial to begin on October 30, and the defense, the prosecution, and the court agreed that the defense would be assessed the time from September 18 to October 30. *It is illogical to argue that the defense should also have been assessed the time from August 17 to September 18 when the State had sought the September 18 setting. The district court properly assessed the 32 days from August 17 to September 18 to the State.*" (Emphasis added.) *Arrocha*, 30 Kan. App. 2d at 123.

I now believe I assumed too much in *Arrocha* when I took for granted that any request for or grant of a defense continuance necessarily started the clock against the defendant immediately. The more nuanced approach of the passage quoted above appears to be correct.

The governing language of the statute says that a defendant held in jail solely by reason of the crime charged for 90 days or more shall be discharged "unless the delay shall happen as a result of the application or fault of the defendant." K.S.A. 2006 Supp. 22-3402(1).

The only portion of the delay between August 1, 2003, and October 27, 2003, attributable to "the application or fault of" Brown was the portion between the original trial date, August 20, and the first rescheduled trial date, October 27, *i.e.*, 68 days. Just like the time between August 17 and September 18 in *Arrocha*, the 19 days between the court's decision on Brown's motion for continuance and the original trial date would have elapsed without Brown's motion having been filed. Any delay represented by those days must be laid at the feet of the State, which bears the obligation to see that the defendant receives a timely trial. The opposite result is, as I said in *Arrocha*, illogical.

It also contravenes the plain language of the controlling statute. The 19 days without trial between August 1 and August 20 were not "the result of the application or fault of" Brown. K.S.A. 2006 Supp. 22-3402(1). The court had set the August 20 trial date long before Brown's motion, and the "prosecution and the court are on the same team for speedy trial calculation purposes." *Arrocha*, 30 Kan. App. 2d at 123.

Finally, even if I did not believe that the majority's rule contravenes logic and law, I would dissent because it will provide a per-

verse incentive to defendants and their counsel to resist filing a motion for continuance as soon as the need for it becomes apparent. The later in the process such a motion is filed, the more likely it is to cause schedule disruption and inconvenience for the prosecution, the defense, witnesses, and the court. The later in the process such a motion is filed, the less likely it is to be granted, even if it is meritorious. Procedural rules such as those in K.S.A. 2006 Supp. 22-3402(1) should streamline and facilitate correct disposition of criminal cases, not complicate them or impair the reliability of their results.

For all of the foregoing reasons, I would reverse the Court of Appeals and the district court and remand for entry of an order dismissing the prosecution and discharging defendant.

ALLEGRUCCI and NUSS, JJ., join the foregoing dissenting opinion.