(167 P.3d 794)
No. 96,104

STATE OF KANSAS, *Appellant*, v. KAYLE LAWRENCE, *Appellee*.

Opinion filed September 21, 2007.

*Robert D. Hecht*, district attorney, *Amy M. Memmer*, assistant district attorney, and *Phill Kline*, attorney general, for appellant.

*Malcolm L. Copeland*, of Topeka, for appellee.

Before MALONE, P.J., BUSER and LEBEN, JJ.

LEBEN, J.: The district court dismissed criminal charges against Kayle Lawrence because the trial setting was 313 days after arraignment and thus violated a statutory 180-day deadline. But delays that are "as a result of the application or fault of the defendant" do not count against the deadline under the statute. See K.S.A. 2006 Supp. 22-3402(2). We must decide whether enough of those 313 days do not count so that the 180-day deadline had not been exceeded. The largest single delay, 131 days, was caused by the defendant waiting to ask for a jury trial until about a week before a non-jury trial was set to begin, causing the trial to be postponed. On our review, those 131 days and 75 others are at-

tributable to the application or fault of the defendant under the speedy-trial statute and not counted against the deadline. Because only 107 of the allowable 180 days had been used and no other provision of the speedy-trial statute was violated, we find that the case should not have been dismissed.

*Most of the Pretrial Delays Here Were Requested by or Caused by the Defense.*

Lawrence was charged with misdemeanor driving under the influence of alcohol and another traffic infraction. He was arraigned on February 9, 2005; a court trial was set for March 29, 2005. Before that trial could proceed, Lawrence and his attorney had differences and the attorney moved to withdraw. That motion was granted on March 25, 2005, and the initial trial date was removed.

Lawrence made one appearance without counsel at a scheduling docket on April 13, 2005, and ultimately got a new attorney on board on May 10, 2005. His new attorney said that he needed about 30 days to review the case and asked for it to be continued. The court agreed to the continuance and—apparently unaware that an arraignment had already been held—set an arraignment for June 8, 2005.

At the June 8 hearing, the defendant waived arraignment, and the case was set for trial to the court on July 20. A week before trial, however, the defendant filed a jury-trial demand. Upon the filing of that demand, the July 20 trial setting was removed and a pretrial hearing was set for August 3. On July 29, 2005, defense counsel requested a 2-week continuance of the August 3 hearing. The defense motion for continuance was granted; the court set a new hearing date of September 14.

At the September 14 hearing, the case was set for jury trial on November 21, 2005. When that date arrived, however, the State asked for a continuance. The State's motion was granted and a new trial date of December 19, 2005, was set. On that date, the defendant asked to postpone the trial date so that he could present a written motion to dismiss on speedy-trial grounds. The court agreed to do so, and the defendant explicitly waived any time re-

quired to consider the motion forward from speedy-trial consideration.

For the convenience of the reader, the dates of key events and the number of days transpiring between each event are listed in the following table.

| Date | Event | No. Days |
|---|---|---|
| February 9, 2005 | Defendant arraigned. | |
| March 25, 2005 | Defense counsel's motion to withdraw granted. | 44 |
| March 29, 2005 | Original trial date (postponed when defense counsel withdrew). | 4 |
| April 13, 2005 | Defendant appears for hearing but does not yet have new attorney. | 15 |
| May 10, 2005 | New defense attorney enters appearance and asks for continuance. | 27 |
| June 8, 2005 | Hearing held. Trial set to judge for July 20. | 29 |
| July 13, 2005 | Defendant files jury demand. July 20 trial date removed and pretrial hearing set for August 3. | 35 |
| July 20, 2005 | Second trial setting (postponed when jury demand filed). | 7 |
| July 29, 2005 | Defense requests 2-week continuance; court resets pretrial hearing for September 14. | 9 |
| August 3, 2005 | Previously scheduled pretrial hearing (continued at defense request). | 5 |
| August 17, 2005 | End of 2-week period defense requested for continuance. | 14 |
| September 14, 2005 | Pretrial conference held; case set for jury trial November 21. | 28 |
| November 21, 2005 | State requests trial continuance; trial reset for December 19. | 68 |
| December 19, 2005 | Defense requests continuance to present speedy-trial motion. | 28 |

*Our Review Is Unlimited and Governed by the Speedy-Trial Statute.*

When, as here, the relevant facts are not in dispute, a claimed violation of the right to a speedy trial presents an issue of law; thus

this court has unlimited review. *State v. Adams*, 283 Kan. 365, 368, 153 P.3d 512 (2007). The case is determined by application of subsections (2) and (3) of K.S.A. 2006 Supp. 22-3402 as amended in 2004:

"(2). If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (5).

"(3) If any trial scheduled within the time limitation prescribed by subsection (1) or (2) is delayed by the application of or at the request of the defendant, the trial shall be rescheduled within 90 days of the original trial deadline."

### *The Trial Court Found a Violation of the Speedy-Trial Statute.*

The trial court concluded that only the 42-day period from August 3, when a pretrial hearing was continued at the request of the defense, until September 14, when that pretrial was held and a trial date was set, should be counted against the defendant. The trial court did not charge any time against the defendant for events occurring before the scheduled July 20 trial date. The court instead granted the State an additional 90 days beyond the normal 180-day limit, citing K.S.A. 2006 Supp. 22-3402(3); this provided a 270-day period following arraignment to bring the defendant to trial. Having granted that additional 90 days, the court said that delays caused by the defense after the July 20 trial date would extend the speedy-trial deadline, but delays occurring before that date would not be counted. The court concluded that the State's deadline to bring the defendant to trial had been December 18, 2005, or 312 days after arraignment, which was calculated by adding the 42 days to the 270-day limit. Because that was 1 day before the trial had been set to begin, the court granted the motion to dismiss.

### *There Is No Violation of the Standard 180-Day Speedy-Trial Limit Here.*

We begin our analysis by reviewing the application of the standard 180-day limit of subsection (2) of K.S.A. 2006 Supp. 22-3402 to the facts of our case. There are several disputes between the

parties here as to whether the time period to be charged to the defense begins on the date a motion for continuance is granted or on a later date, such as when a trial had been scheduled to take place. The parties also dispute when the time charged to the defense ends, especially with respect to the lengthy continuance caused by the defendant's demand for jury trial.

The Supreme Court's recent opinion in *State v. Brown*, 283 Kan. 658, 157 P.3d 624 (2007), provides substantial guidance. Although the defendant in *Brown* was in custody and covered by the 90-day time limit of subsection (1) of the statute while Lawrence was out of custody and covered by 180-day time limit of subsection (2), the provisions of those subsections are identical for the purpose of all of our determinations. The court in *Brown* faced a trial continuance on defendant's motion to allow time to obtain an expert witness. As in our case, the date initially chosen as the new trial date when granting the defense continuance was later postponed at the State's request (in *Brown* due to illness of the prosecutor). Under those facts, the Supreme Court held that "the delay *from the date the judge granted the defendant's motion for continuance of trial until the rescheduled trial date* was chargeable against the defendant." (Emphasis added.) 283 Kan. 658, Syl. ¶ 2. Specifically, the Supreme Court assessed against the defendant the time from the granting of his motion until the trial date initially chosen after the defense motion for continuance was granted. Applying that holding to our case results in assessment against the defendant of the 131 days from July 13, 2005, until November 21, 2005.

Lawrence's argument that the time charged to the defendant should begin on the date of the scheduled hearing or trial—not the date each of his continuance motions was granted—is thus foreclosed by *Brown*. Lawrence makes additional arguments, though, in an attempt to avoid having those 131 days charged to him.

First, he argues that the continuance from August 3 to September 14 should not be charged against him. He contends that the August 3 hearing was made by the court without consulting defense counsel's schedule and that the defendant only asked for a 2-week continuance of the August 3 hearing, not the 6 weeks that tran-

spired between the initial hearing setting and the revised date chosen by the court. The district judge responded to this argument by saying, "I don't believe our practice has been to hold the Court to whatever defendant unilaterally says would be the date that the continuance should be granted to." We agree. So long as a reasonable date is chosen by the court in rescheduling the hearing, the time from the granting of the continuance until the new date should be charged to the defendant under *Brown*.

Second, Lawrence argues that the time from September 14, when he agreed to a trial date, until the scheduled trial setting of November 21, should be charged to the State. Once again, this is foreclosed by *Brown* and rightly so. There is no indication in the record that picking a jury-trial setting about 2 months after that pretrial conference was an unreasonable choice given the court's calendar or that it caused any undue delay. In a previous, unpublished opinion, this court has held that "[w]ithout evidence to the contrary, we presume the jury trial setting was reasonable within the parameters of the court's docket." *State v. Chambers*, No. 92,722, slip op. at 10 (August 26, 2005), *rev. denied* 280 Kan. 985 (2005). There is nothing in this record suggesting that the choices made by the trial court for settings, including the selection of dates for jury trial, were unreasonable. And so long as the district court reschedules the trial within a reasonable time on a defense request for continuance, the speedy-trial clock remains stopped. See *Brown*, 283 Kan. 658; *State v. Dreher*, 239 Kan. 259, 261, 717 P.2d 1053 (1986).

Charging the full delay caused by the defendant's jury demand against him is especially reasonable here given the timing of his request. K.S.A. 2006 Supp. 22-3404(1) requires that a defendant's jury-trial demand in a misdemeanor case be filed in writing within 7 days of the first notice of trial assignment. Lawrence got notice of his initial trial assignment at his February 9 arraignment, which made his jury demand due by February 16. The Shawnee County District Court further highlights this requirement by including it in Local Rule 3.318, which both repeats the statutory requirement and advises that "any delay of trial occasioned by any jury request

later made . . . shall be charged to the party making the untimely request."

While we have resolved how to handle the 131-day period that began on the July 13 filing of defendant's jury demand, we still must decide how much of the time from arraignment on February 9 until July 13 is to be counted against the speedy-trial deadline. Lawrence conceded that the 15 days from the initial trial setting of March 29 until the next court hearing on April 13 should not count. But Lawrence did not get a new attorney by the time of the April 13 court appearance, and the case had to be further delayed so that he could obtain counsel. Any delay caused by change in defense counsel is properly chargeable to the defendant and does not count against the deadline. *State v. Timley*, 255 Kan. 286, 293-96, 875 P.2d 242 (1994); *State v. Wright*, 26 Kan. App. 2d 879, 883, 995 P.2d 416 (2000). Thus, we do not count the 27 days from April 13 until defense counsel entered an appearance on May 10. And when defense counsel appeared on May 10, he did not announce "ready for trial"—he asked for a continuance to review the case. The defendant concedes that the 29 days from May 10 until the next hearing on June 8 also are chargeable to the defense and do not count against the deadline.

One final disputed time period is also resolved by the *Brown* case. Lawrence refused to concede that the time clock was not running between March 24, when his attorney's withdrawal was approved and the court granted a continuance of the March 29 trial setting, and March 29. Under *Brown*, though, the defendant is charged with the time beginning on the granting of the requested continuance, which occurred on March 24, and those 4 days also are charged against the defendant. In total, then, 75 days do not count against the deadline between arraignment and the request for jury trial.

After this review of the time that is not counted against the deadline because it occurred as a result of the application or fault of the defendant, we find no violation of the statutory requirement that trial be set within 180 days of arraignment: 206 of the 313 days that transpired between arraignment and the scheduled December 19 trial do not count against the deadline. Thus, only 107

of the allowable 180 days had been used. Unless some other provision of the speedy-trial statute was violated, the case should not have been dismissed.

*There Is No Violation Here of the Separate Statutory Provision Requiring Trials To Be Reset Within 90 Days of the "Original Trial Deadline."*

The parties disagree over the application of subsection (3) of K.S.A. 2006 Supp. 22-3402, a provision added in 2004. It provides that when a scheduled trial is delayed at the defendant's request, it "shall be rescheduled within 90 days of the original trial deadline."

The State argues that this extends the 180-day period to 270 days when the defense requests a continuance; the district court agreed but concluded that some continuances shouldn't be charged to the defense since the State had received an additional 90 days.

The State's position is illogical and lacks a basis in the statutory language. Nothing in subsections (1), (2), or (3) suggests that subsection (3) provides a time period that is tacked onto the 90-or 180-day limits of the other subsections. There is ample authority that the speedy-trial clock simply does not run under subsections (1) and (2) when the delay is at the request or fault of the defendant. As the Supreme Court summarized the rule in *Brown*, "[A] trial continuance granted to a defendant for any reason stops the speedy trial clock." 283 Kan. at 665. It would be inconsistent with this well-established meaning of subsections (1) and (2) to interpret subsection (3) to extend the overall deadline by 90 days, as this court recently recognized in *State v. Dobbels*, No. 94,808, unpublished opinion filed February 9, 2007, *rev. denied* 284 Kan. 948 (2007):

"[I]t makes no sense, common or otherwise, to interpret subsection (2) as tolling the running of the 180-day speedy trial period during periods of defense continuances, yet interpret subsection (3) as effecting an enlargement of the speedy trial period to 270 days upon a defense request for a continuance. If the speedy trial clock is not running, there is no need to enlarge the speedy trial period." Slip op. at 8.

We agree. Subsection (3) does not provide an additional 90-day period to be added to the time limit otherwise applicable when trials are postponed at the defendant's request.

Lawrence argues that subsection (3) is simply a separate time limit. Under the defense view, it does not increase the 180-day window, but it does require that the trial commence within 90 days of the original trial deadline as set at arraignment. In this case, the defense notes that the "original trial deadline" at the time of arraignment on February 9 was August 8, making November 7 the 90-day deadline for the rescheduled trial. Because both the November 21 and December 19 trial dates were after that, the defendant argues that subsection (3) was violated and supports the district court's dismissal of the charges.

The defendant's position fails to consider either prior caselaw or common sense in its interpretation of what "original trial deadline" is the starting point from which the trial must be scheduled within 90 days. This court has previously held that the term "original trial date," now found in K.S.A. 2006 Supp. 22-3402 subsection (5), means the scheduled trial date at the time the decision was made to extend the trial date. *State v. Corrigan*, 10 Kan. App. 2d 55, 58, 691 P.2d 1311 (1984), *rev. denied* 237 Kan. 888 (1985). In *Dobbels*, this court found that the analysis in *Corrigan* was equally applicable to interpretation of the phrase "original trial deadline" in subsection (3):

"Logically, then, the term 'original trial deadline,' in subsection (3), should mean the trial deadline date existing at the time the trial court considers the defendant's continuance request. In other words, the trial court, in granting a particular defense continuance, must reschedule the trial within 90 days of the then existing trial deadline date to comply with the mandates of subsection (3)." Slip op. at 7.

We again agree with the *Dobbels* opinion.

A hypothetical case will demonstrate the practical flaw in Lawrence's argument. Under the defendant's construction, the 90-day deadline for rescheduling a trial might well already have expired before the defendant's motion for trial continuance. For example, assume that an arraignment takes place on January 1, but that the defendant asks to delay the case for 6 months to allow for testing of DNA samples or to allow related cases to sort themselves out. If the defendant is out of custody, the "original trial deadline" as it existed at the time of arraignment was June 30. Assume that a trial is then set for October 15, and the defendant moves for a

continuance. No speedy-trial hurdle would be posed by the standard 180-day deadline under subsection (2) because the delay for discovery or other matters under our hypothetical has all been charged to the defendant. But under the defendant's view of subsection (3), since the never-extended "original trial deadline" had already expired on June 30 and 90 days after that deadline had expired on September 28, then even if the court granted the defendant's continuance motion, it could not reschedule the trial. Such a result could not have been intended by the legislature.

We hold, then, that the phrase "original trial deadline" in subsection (3) of K.S.A. 2006 Supp. 22-3402 refers to the trial deadline in place at the time the trial is continued "by the application of or at the request of the defendant." In our case, the trial was twice delayed for these reasons. There was no violation of subsection (3) on either of these occasions.

The first defense continuance was granted on March 25, when the March 29 trial setting was removed because defense counsel had been allowed to withdraw. The court reset the trial for July 20, well within the 180-day time limit from arraignment.

The second defense continuance was granted on July 13, when the July 20 trial setting was removed because the defendant requested a jury trial. The court reset the trial for November 21. As of July 13, the trial deadline was 180 days after the February 9 arraignment plus any days charged to the defense as of July 13. We have determined that the 75 days from March 25, when defense counsel withdrew, until June 8, when new defense counsel was ready for a trial date to be set, are properly charged to the defense. Thus, the trial deadline as of July 13 was October 22, which included 180 days following arraignment plus the 75 days between arraignment and July 13 that were properly charged to the defense. Subsection (3) of the statute requires that the trial be rescheduled within 90 days of that date, which gave the court until January 20, 2006, to begin trial. The November 21 trial date was well within this statutory deadline. Even the additional continuance granted the State in November, which moved the trial to December 19, did not violate the requirement of subsection (3).

Our conclusion is further supported by consideration of additional delays caused by the defense *after* the November 21 trial date was set. The defense asked for a continuance of the August 3 hearing the court had set for the purpose of picking a trial date acceptable to all parties. Thus, the defense was responsible for the 6-week continuance of that hearing. Logically, any defense continuances obtained *after* the trial is rescheduled should not count against the subsection (3) deadline. Otherwise the court would not be able to grant reasonable defense continuance requests after resetting a trial date at the request of a defendant.

We have assumed for the purposes of this analysis that the requirement of subsection (3) is a mandatory speedy-trial rule, not a directory one. But that is not at all clear from the language of the statute. Subsections (1) and (2) contain an explicit penalty for noncompliance: the defendant "shall be entitled to be discharged from further liability to be tried for the crime charged." Subsection (3) does not contain any language providing a consequence for noncompliance.

The Kansas Supreme Court has considered a similar issue under another time deadline applicable to criminal cases. In *State v. Rivera*, 277 Kan. 109, 83 P.3d 169 (2004), the court noted that the requirement of K.S.A. 22-2902 that preliminary hearings "shall be held . . . within 10 days after the arrest or personal appearance of the defendant" was directory, not mandatory, because the statute "does not establish a penalty." 277 Kan. at 112 (citing *State v. Fink*, 217 Kan. 671, 676, 538 P.2d 1390 [1975]). If subsection (3) is directory, not mandatory, then noncompliance would not automatically require dismissal of the charges, though the court could still consider whether the general constitutional speedy-trial requirement or other mandatory provisions of the statute had been violated, requiring dismissal of the charges. *See Rivera*, 277 Kan. at 112; *Fink*, 217 Kan. at 676-77. We are not required to decide whether subsection (3) is mandatory or directory in order to decide this case. Accordingly, we have not done so.

The judgment of the district court is reversed, and the case is remanded.