NOT DESIGNATED FOR PUBLICATION

No. 121,769

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

THOMAS JAMES GRUBB,
*Appellee.*

MEMORANDUM OPINION

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed October 30, 2020. Affirmed.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before ATCHESON, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM:  The State appeals under K.S.A. 2019 Supp. 22-3602(b)(1) from the dismissal by the district court of the charges against Thomas J. Grubb for unlawful tampering with electronic monitoring equipment upon realizing the 180-day deadline for bringing him to trial had expired under the Uniform Mandatory Disposition of Detainers Act (UMDDA), K.S.A. 2019 Supp. 22-4301 et seq. The State claims the district court erred in dismissing Grubb's charge, arguing several statutory exceptions extended the 180-day deadline. After a careful review of the timeline involved, we find no exceptions apply and the district court did not err. We affirm.

1

In 2017, Grubb was charged with unlawful tampering with electronic monitoring equipment. On August 27, 2018, the district court clerk filed Grubb's pro se request for disposition of the charge within 180 days under the UMDDA. At the time his request was filed, Grubb was in custody of the Kansas Department of Corrections for prior convictions.

On September 17, 2018, his retained counsel, Roger Falk, moved to withdraw for good cause under KRPC 1.16(b)(3) and (4) (2020 Kan. S. Ct. R. 340), stating his retainer had been exhausted. Several days later, on September 20, 2018, the district court held a status hearing at which Grubb appeared pro se. The State presented Falk's prepared order to withdraw for good cause. At the same hearing, Grubb requested the district court appoint him new counsel. The district court told Grubb it planned on appointing defense attorney Joe Shepack and it would schedule the preliminary hearing once it determined his availability. Shepack was appointed later that same day. The following day, the district court scheduled Grubb's preliminary hearing for October 26, 2018.

At the preliminary hearing, Grubb was bound over for trial and his arraignment was set for November 19, 2018. At his arraignment, Grubb pled not guilty to the charge and the district court scheduled a pretrial conference for February 4, 2019, with a two-day trial set for March 20-21, 2019. The transcript from the arraignment is not in the record on appeal. On March 6, 2019, Grubb moved to dismiss the charge pro se, arguing 180 days had passed from the filing date of his request for disposition. Later that week, Shepack moved to withdraw from the case, claiming Grubb's pro se motion interfered with his defense strategy.

The district court heard both motions on March 15, 2019, with both Grubb and Shepack present. The district court allowed Shepack to withdraw after Grubb said he had

no objection to it. The district court denied Grubb's motion to dismiss, finding Shepack had requested a trial setting past the 180-day deadline, which was the equivalent of agreeing to a continuance. The district court appointed Cheryl Stewart as Grubb's new counsel. She then filed an amended motion to dismiss, arguing Shepack's acceptance of the trial setting was neither an acquiescence to a continuance nor the equivalent of a waiver of Grubb's speedy trial right.

When the district court heard the motion on July 22, 2019, it agreed the delayed trial setting should not count against Grubb, but on different grounds. The district court recalled its prior ruling was based on Shepack's request for the trial setting over the phone. Because there was no record of the conversation, the district court found it erred in holding Shepack's request was the equivalent of agreeing to a continuance. In response, the State argued even if Shepack's request for the trial setting did not count against Grubb, the 36 days between the change in counsel occurring on September 20, 2018, and the preliminary hearing on October 26, 2018, should count against him because the change caused a delay. Under the State's reasoning, if the 36 days counted against Grubb, the trial setting was not past the 180-day deadline. The district court withheld its ruling so the parties could further brief the issue.

On August 12, 2019, the district court held its final hearing on the motion. The district court found Shepack's replacement of Falk as Grubb's counsel could not have caused a delay because nothing in Grubb's case had been scheduled when Shepack was appointed. The district court held it was without jurisdiction because Grubb had not been brought to trial within 180 days and dismissed the charge.

ANALYSIS

The State contends the 180-day deadline had not expired when Grubb moved to dismiss because certain statutory exceptions apply.

3

Our standard of review is unlimited since both questions presented are legal questions to determine whether Grubb's right to a speedy trial under the UMDDA was violated and how we should apply and interpret the statutory requirements of the UMDDA. See *State v. Burnett*, 297 Kan. 447, 451, 301 P.3d 698 (2013).

The UMDDA allows persons imprisoned in Kansas to request final disposition of other Kansas charges pending against them. Its purpose is to prevent imprisoned persons from having their other charges suspended indefinitely while they serve the remainder of their sentence by obligating the district court to hear their charges within a reasonable timeframe. 297 Kan. at 452-53; see *State v. Stanphill*, 206 Kan. 612, 615-16, 481 P.2d 998 (1971) (UMDDA based on legislative policy rather than constitutional grounds).

The prisoner must substantially comply with the UMDDA's provisions to obtain his or her speedy trial right. *Burnett*, 297 Kan. at 453. This includes preparing a written request for disposition of detainer and addressing it to the county attorney and the district court where the charge is pending. K.S.A. 2019 Supp. 22-4301(a). Once the prisoner's request for final disposition is received, the State's failure to bring the charge to trial within 180 days deprives the district court of jurisdiction, subject to certain statutory exceptions. See K.S.A. 2019 Supp. 22-4303(b).

The State agrees Grubb properly invoked his speedy trial right under the UMDDA. Both parties accept August 27, 2018—the date the district court clerk filed Grubb's request for final disposition—as the date the speedy trial clock began to run. See 297 Kan. at 459. And the State concedes Grubb was not brought to trial within 180 days. In computing the expiration of 180 days, we exclude the date that triggers the period. K.S.A. 2019 Supp. 60-206(a)(1)(A); *State v. White*, 234 Kan. 340, 345, 673 P.2d 1106 (1983) (applying rule of time computation in K.S.A. 60-206[a] to criminal proceeding). So, we do not count August 27, 2018, as the first day. One hundred eighty days after August 28, 2018, was February 24, 2019. However, February 24, 2019, fell on a Sunday,

4

so the 180 days continued to run until Monday, February 25, 2019. See K.S.A. 2019 Supp. 60-206(a)(1)(C). Grubb moved to dismiss the charge on March 6, 2019, after the 180-day deadline had expired.

Our only question on appeal is whether the district court erred in finding no exceptions to the 180-day deadline applied.

There are two statutory exceptions to the 180-day deadline. Under K.S.A. 2019 Supp. 22-4303(b)(1)(C), the deadline may be extended "within such additional time as the court for good cause shown in open court may grant." And under K.S.A. 2019 Supp. 22-4303(b)(2), the 180-day deadline "shall not apply to any time during which a continuance or delay has been requested or agreed to by the inmate or the inmate's attorney." The State claims both exceptions apply to these facts.

The relevant timeline is summarized:

- September 20, 2018—District court holds status hearing; Grubb does not object to Falk's withdrawal from his case; district court finds good cause for Falk to withdraw under KRPC 1.16(b)(3) and (4); district court tells Grubb it will schedule preliminary hearing once new counsel is appointed.
- September 20, 2018—District court appoints Shepack.
- September 21, 2018—District court schedules preliminary hearing for October 26, 2018.
- October 26, 2018—Preliminary hearing occurs as scheduled.

Under the first exception, the State claims the change in counsel occurring on September 20, 2018, "certainly amounts to good cause" because Shepack—the attorney who replaced Falk—needed more time to prepare for the preliminary hearing. The State's argument misinterprets the plain language of K.S.A. 2019 Supp. 22-4303(b)(1)(C) by

5

assuming an event in itself can trigger good cause. While a change in counsel may constitute good cause in some instances, the district court must find good cause and grant an extension in open court on that basis. Here, that simply did not happen. At the September 20, 2018 status hearing, the district court's only good cause finding related to Falk's request to withdraw under KRPC 1.16(b)(3) and (4); it made no good cause finding to extend the 180-day deadline under K.S.A. 2019 Supp. 22-4303(b)(1)(C), the relevant statute here. Thus, the State's argument under the first exception is not persuasive.

Next, the State argues these same facts support the other exception to the 180-day deadline under K.S.A. 2019 Supp. 22-4303(b)(2). The State claims any change in defense counsel "inescapably necessitates a delay," so the entire 36-day period between September 20, 2018, and October 26, 2018, should not count toward the 180-day deadline. For support, it relies on several cases in which Kansas appellate courts counted a continuance requested by newly appointed defense counsel against the defendant's speedy trial clock: *State v. Timley*, 255 Kan. 286, 875 P.2d 242 (1994), *disapproved of on other grounds by State v. Nunez*, 298 Kan. 661, 316 P.3d 717 (2014), and *State v. Brooks*, 298 Kan. 672, 317 P.3d 54 (2014); *State v. Lawrence*, 38 Kan. App. 2d 473, 167 P.3d 794 (2007); and *State v. Landeo*, No. 118,156, 2019 WL 3518513 (Kan. App. 2019) (unpublished opinion), *rev. denied* 311 Kan. ___ (February 28, 2020). These cases, however, address the general statutory speedy trial right under K.S.A. 2019 Supp. 22-3402 or the constitutional speedy trial right—not the UMDDA's speedy trial right—so we find they are distinguishable and have limited precedential application here. See *Timley*, 255 Kan. at 294; *Lawrence*, 38 Kan. App. 2d at 476-77; *Landeo*, 2019 WL 3518513, at *17.

Even if we were to consider these cases as persuasive authority, they are distinguishable from these facts. In each case, newly appointed defense counsel requested a continuance of a hearing or trial that had already been scheduled. And in each case, the Kansas appellate court found the delay caused by defense counsel's request for a

6

continuance was properly counted against the defendant's speedy trial claim. See *Timley*, 255 Kan. at 294; *Lawrence*, 38 Kan. App. 2d at 479; *Landeo*, 2019 WL 3518513, at *18.

Here, nothing in Grubb's case had been scheduled when Falk withdrew on September 20, 2018. Thus, when Shepack was appointed later that same day, there was no need for him to request a continuance. And during the period between the scheduling of Grubb's preliminary hearing on September 21, 2018, to the day it occurred on October 26, 2018, Shepack did not request or agree to a continuance.

Arguably, even if Shepack did not request a continuance, his replacement of Falk delayed the scheduling of the preliminary hearing to September 21, 2018. At the September 20, 2018 status hearing, the district court said it would wait to schedule the preliminary hearing until new counsel had been appointed. Grubb did not object to this progression of events. But even assuming Grubb agreed to a delay in the abstract, the record is silent as to whether the preliminary hearing and arraignment would have occurred earlier than October 26, 2018, and November 29, 2018, respectively.

As the cases the State relies on illustrate, a change in defense counsel may often interrupt the advancement of a case and has the potential to affect a defendant's speedy trial rights. But any continuance or delay resulting from a change in counsel is a case-by-case occurrence, not a bright-line rule. The State's argument that the replacement of Grubb's defense counsel creates an exception under K.S.A. 2019 Supp. 22-4303(b)(2) is not persuasive since the record we have reflects at the most it took one more day to schedule the preliminary hearing with Grubb's replacement defense counsel.

The district court was without jurisdiction to hold Grubb's jury trial after February 25, 2019. The district court did not err in granting Grubb's motion to dismiss.

Affirmed.