No. 102,377

STATE OF KANSAS, *Appellee*, v. ARMANDO NUNEZ, *Appellant*.

(316 P.3d 717)

Opinion filed January 24, 2014.

*Deborah L. Hughes*, of Kansas Appellate Defender Office, argued the cause, and *Ryan Eddinger*, of the same office, was on the brief for appellant.

*Tamara S. Hicks*, assistant county attorney, argued the cause, and *Lora D. Ingels* and *Lois K. Malin*, assistant county attorneys, and *John P. Wheeler, Jr.*, county attorney, and *Steve Six*, former attorney general, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

ROSEN, J.: Armando Nunez was convicted of rape in violation of K.S.A. 21-3502(a)(1)(A) (defining rape as "[s]exual intercourse with a person who does not consent to the sexual intercourse" under circumstances "[w]hen the victim is overcome by force or fear"). On appeal before the Court of Appeals, he argued that the phrase "force or fear" in K.S.A. 21-3502(a)(1)(A) establishes alternative means of committing rape, requiring that the State present sufficient evidence of both force and fear. Nunez conceded on appeal that the State presented sufficient evidence of force, but he

argued that the State failed to present evidence establishing that the victim was overcome by fear. Accordingly, he argued that there was insufficient evidence to support the rape conviction.

The Court of Appeals reviewed this court's decisions in *State v. Timley*, 255 Kan. 286, 875 P.2d 242 (1994), and *State v. Wright*, 290 Kan. 194, 224 P.3d 1159 (2010), and determined that based on the alternative means analysis applied in those cases concerning the phrase force or fear, it was unclear whether the phrase should be construed as establishing a single means or alternative means of committing rape. The Court of Appeals ultimately determined, however, that this issue need not be decided definitively in this case because it viewed the evidence presented at Nunez' trial as establishing that the victim was overcome by both force and fear. Therefore, the court affirmed Nunez' rape conviction. *State v. Nunez*, No. 102,377, 2011 WL 2191686 (Kan. App. 2012) (unpublished opinion).

We granted Nunez' petition for review to address the apparent confusion caused by *Timley* and *Wright*. Based on our decision in *State v. Brown*, 295 Kan. 181, 194, 200, 284 P.3d 977 (2012), and the cases following *Brown*, we conclude that the phrase force or fear merely presents options within a means and, accordingly, including this language in the jury instruction on rape did not make this an alternative means case triggering concerns of jury unanimity. Because sufficient evidence of force was presented at Nunez' trial, we affirm his rape conviction. See, *State v. Brooks*, No. 102,452, this day decided.

## FACTS

Nunez married M.N. when she was 14 years old. They were married for approximately 8 years, during which time they had two children. They eventually divorced and lived apart for 2 months but then resumed living together and had a third child, a daughter. Despite living together and having a third child, the couple remained divorced.

On the morning of January 21, 2007, M.N. was at home sleeping in her bedroom. Her daughter was sleeping in a crib next to the bed. M.N. was awakened by the sound of Nunez coming home

that morning and playing loud music. Eventually, M.N. went back to sleep.

Later, M.N. was again awakened when Nunez came into her bedroom and told her he wanted to have sex. M.N. told him no. Nunez proceeded to take off his clothes and then started to forcibly remove M.N.'s clothes while she fought with him. Eventually, Nunez began having sexual intercourse with M.N. M.N. tried pushing Nunez away, but she was unable to do so.

While M.N. was struggling with Nunez, their daughter awoke in her crib. M.N. told Nunez that their daughter was awake and watching them. Nunez stopped and M.N. got up from the bed, gathered her clothes, and ran into the bathroom. Nunez followed M.N. into the bathroom and forced her to the floor. According to M.N., as she struggled against him, Nunez lifted her legs up and penetrated her anus with his penis.

While in the bathroom, M.N. cried out loudly, conveying, according to her, that she was "very scared." At this point, Nunez let go of M.N., and M.N. then got up from the floor and eventually called the police. They arrived 10 minutes later. Through a friend who acted as her interpreter, M.N. told the police that Nunez had vaginal and anal intercourse with her against her will in the master bedroom and bathroom.

Nunez was taken into custody and transported to the law enforcement center. With the assistance of an interpreter, a detective with the Garden City Police Department conducted an interview of Nunez. During the interview, Nunez said that M.N. was angry at him because he wanted to have "relations" with her and she did not want to. Notably, he admitted to taking her clothes off and forcing her to have sexual relations with him. He stated the incident started in the bedroom and finished in the bathroom. When asked whether he inserted his penis into M.N.'s anus, Nunez said he might have.

Nunez' case proceeded to a jury trial on one count of rape in violation of K.S.A. 21-3502(a)(1)(A)—based on his alleged actions in the bedroom—and one count of aggravated criminal sodomy in violation of K.S.A. 21-3506(a)(3)(A)—based on his alleged actions in the bathroom. The jury found Nunez guilty of rape but acquitted

him of aggravated criminal sodomy. The district court sentenced Nunez to 176 months' imprisonment. After the Court of Appeals affirmed Nunez' conviction, he filed a timely petition for review which this court granted.

## ANALYSIS

In *Timley*, this court, quoting *State v. Kitchen*, 100 Wash. 2d 403, 410, 756 P.2d 105 (1988), stated:

" 'In an alternative means case, where a single offense may be committed in more than one way, there must be jury unanimity as to *guilt* for the single crime charged. Unanimity is not required, however, as to the *means* by which the crime was committed so long as substantial evidence supports each alternative means.' " *Timley*, 255 Kan. at 289.

Subsequently, in *Wright* this court held that appellate courts should apply a super-sufficiency of the evidence test in alternative means cases. Under this test, the State must present sufficient evidence to permit a jury to find each means of committing the crime beyond a reasonable doubt. Therefore, when the jury is instructed on alternative means of committing a single crime and the State fails to present sufficient evidence to support each means, reversal is required. 290 Kan. at 202-03. Conversely, if the jury was not instructed on alternative means but merely received instructions on "options within a means," then the lack of evidence on one of the options will not require reversal. See *Brown*, 295 Kan. at 196-98; *Wright*, 290 Kan. at 203.

The above-noted rules shape Nunez' argument on appeal. He argues that the phrase force or fear in K.S.A. 21-3502(a)(1)(A) establishes alternative means of committing rape, requiring the State to present sufficient evidence of both force and fear at trial. Like he did before the Court of Appeals, Nunez concedes that the State presented sufficient evidence that M.N. was overcome by force. But he contends that the State failed to present sufficient evidence that she was overcome by fear. He concedes that there was evidence presented at trial indicating that M.N. was scared when she was in the bathroom. But he contends that this evidence cannot be considered in affirming his rape conviction because the

bathroom incident took place after the alleged rape—occurring in the bedroom—was complete.

In order to address Nunez' argument, we must first determine whether the phrase force or fear establishes alternative means of committing rape, resulting in the application of the super-sufficiency of the evidence test. After addressing this issue, we can then determine whether the State presented sufficient evidence to convict Nunez of rape as defined in K.S.A. 21-3502(a)(1)(A).

Recently, we held in *Brown* that appellate courts must first determine whether the jury was presented with alternative means on a charge before it applies the super-sufficiency requirement. 295 Kan. at 194. "Issues of statutory interpretation and construction, including issues of whether a statute creates alternative means of committing a crime, raise questions of law reviewable de novo on appeal." *State v. Britt*, 295 Kan. 1018, Syl. ¶ 1, 287 P.3d 905 (2012).

In *Brown*, this court stated:

"In examining legislative intent, a court must determine for each statute what the legislature's use of a disjunctive 'or' is intended to accomplish. Is it to list alternative distinct, material elements of a crime—that is, the necessary *mens rea*, *actus reus*, and, in some statutes, a causation element? Or is it to merely describe a material element or a factual circumstance that would prove the crime? The listing of alternative distinct, material elements, when incorporated into an elements instruction, creates an alternative means issue demanding super-sufficiency of the evidence. But merely describing a material element or a factual circumstance that would prove the crime does not create alternative means, even if the description is included in a jury instruction." 295 Kan. at 194.

In *Brown*, this court discussed some guideposts for determining whether the legislature intended to create alternative means as opposed to merely options within a means. The *Brown* court noted that in conducting this analysis and determining the legislature's intent, ordinary rules of statutory construction apply. 295 Kan. at 193-94. In addition, "[t]ypically . . . a legislature will signal its intent to state alternative means through structure, separating alternatives into distinct subsections of the same statute." 295 Kan. at 196 (citing *State v. Smith*, 159 Wash. 2d 778, 784-86, 154 P.3d 873 [2007]). However, the *Brown* court went on to say:

"Regardless of such subsection design, . . . a legislature may list additional alternatives or options within one alternative means of committing the crime. But these options within an alternative do not constitute further alternative means themselves if they do not state additional and distinct ways of committing the crime, that is, if they do not require proof of at least one additional and distinct material element. Rather they are only options within a means if . . . their role is merely to describe a material element or to describe the factual circumstances in which a material element may be proven. [Citation omitted.]" 295 Kan. at 196-97.

With these guidelines in mind, it is helpful to look at the structure of K.S.A. 21-3502 before examining the specific language of subparagraph (a)(1)(A). K.S.A. 21-3502(a) describes the various acts that constitute rape. The statute states:

"(a) Rape is: (1) Sexual intercourse with a person who does not consent to the sexual intercourse, under any of the following circumstances:
(A) *When the victim is overcome by force or fear*;
(B) when the victim is unconscious or physically powerless; or
(C) when the victim is incapable of giving consent because of mental deficiency or disease, or when the victim is incapable of giving consent because of the effect of any alcoholic liquor, narcotic, drug or other substance, which condition was known by the offender or was reasonably apparent to the offender;
"(2) sexual intercourse with a child who is under 14 years of age;
"(3) sexual intercourse with a victim when the victim's consent was obtained through a knowing misrepresentation made by the offender that the sexual intercourse was a medically or therapeutically necessary procedure; or
"(4) sexual intercourse with a victim when the victim's consent was obtained through a knowing misrepresentation made by the offender that the sexual intercourse was a legally required procedure within the scope of the offender's authority." (Emphasis added.)

K.S.A. 21-3502(a) is divided into four subsections, each subsection addressing a scenario that would constitute rape. Subsection (a)(1) proscribes the general act of having "sexual intercourse with a person who does not consent to the sexual intercourse" under circumstances which are divided into three subparagraphs. The language at issue in this case, "[w]hen the victim is overcome by force or fear," is contained within the first subparagraph and is separated from the other circumstances constituting rape under subsection (a)(1) (*i.e.*, "when the victim is unconscious or physically powerless," or "when the victim is incapable of giving consent [for

other various reasons]"). See K.S.A. 21-3502(a)(1)(A), (B), (C). The structure of subsection (a)(1) suggests that the legislature intended for subparagraphs (A), (B), and (C) to constitute three alternative means of committing rape when the victim does not consent to having sexual intercourse.

As mentioned above, this court explained in *Brown* that options listed within a single subsection of a statute do not state alternative means if the language merely defines other statutory language in a way that elaborates on or describes a material element or describes factual circumstances that prove the crime. 295 Kan. at 196-97. In *Brown*, the statutory language defining aggravated indecent liberties with a child stated in one subsection that the crime was committed by "any lewd fondling or touching of either a child who is under 14 years of age or the offender 'done or submitted to with the intent to arouse or satisfy the sexual desires of either the child or the offender, or both.' " 295 Kan. at 201. Brown argued that the language "either the child or the offender, or both" created alternative means of committing the crime, but this court found that the language created options within a means instead. 295 Kan. at 201-02. The court concluded that the language was "merely descriptive of the types of factual circumstances that may prove the distinct, material element of intent to arouse or satisfy sexual desires, that is, the *mens rea* required for commission of the offense." 295 Kan. at 201; see *State v. Cheffen*, 297 Kan. 689, 699, 702, 303 P.3d 1261 (2013) (concluding that the phrase "in the commission of, attempt to commit, or flight from an inherently dangerous felony" did not create alternative means of committing felony murder); *State v. Ultreras*, 296 Kan. 828, 850, 295 P.3d 1020 (2013) (concluding that the phrases "great bodily harm to another person or disfigurement of another person" and "bodily harm to another person with a deadly weapon or in any manner whereby great bodily harm, disfigurement or death can be inflicted" did not create alternative means of committing aggravated battery); *State v. Haberlein*, 296 Kan. 195, 208-09, 290 P.3d 640 (2012) (concluding that the phrases "force, threat, or deception" and "to facilitate flight or the commission of any crime" did not create alternative means of committing kidnapping or aggravated kidnapping); *Britt*,

295 Kan. at 1026-27 (concluding that the phrase "any penetration of the female sex organ by a finger, the male sex organ or any object" contained within definition of sexual intercourse did not create alternative means of committing rape); *State v. Burns*, 295 Kan. 951, 962-64, 287 P.3d 261 (2012) (concluding that the phrase "oral contact or oral penetration of the female genitalia or oral contact of the male genitalia" contained within definition of sodomy did not create alternative means of committing aggravated criminal sodomy), *overruled on other grounds by State v. King*, 297 Kan. 955, 305 P.3d 641 (2013); *State v. Rojas-Marceleno*, 295 Kan. 525, 546-48, 285 P.3d 361 (2012) (concluding that the phrase "to commit or submit to an unlawful sexual act" did not create alternative means of committing aggravated indecent solicitation of a child).

Similarly, the statutory language "[w]hen a victim is overcome by force or fear" does not present two alternative means of committing rape. Rather, the phrase force or fear, like the language at issue in *Brown*, merely describes a factual circumstance that may prove a distinct, material element of rape—namely, having nonconsensual sexual intercourse with a victim who is "overcome." In other words, the *actus reus* of K.S.A. 21-3502(a)(1)(A) is "to overcome," and the phrase force or fear merely describes this material element. See *Brown*, 295 Kan. at 196-97. In accordance with our holding in *State v. Brooks*, No. 102,452, this day decided, we conclude that force or fear are not alternative means but options within a means, and the inclusion of this language in the jury instructions did not make this an alternative means case triggering concerns of jury unanimity (*i.e.*, evidence of either force or fear is sufficient to sustain Nunez' rape conviction under K.S.A. 21-3502[a][1][A]).

It should be noted that in *Timley*, the defendant argued that the trial court erred in instructing the jury that it could find him guilty of rape based on the victims being overcome by either force or fear. The defendant argued that instructing the jury in this manner deprived him of a unanimous verdict because some jurors may have found that the victims were overcome by force while other jurors may have found that the victims were overcome by fear. The defendant, however, mischaracterized this issue as a "multiple acts"

issue instead of an alternative means issue. Despite this error, the *Timley* court applied an alternative means analysis to the defendant's argument and rejected the argument. The court stated:

"In his appellate brief, Timley's counsel readily points out that there was evidence from which the jury could determine that each sexual act was the result either of force, based on Timley's choking the victims, or of fear, based on the threats Timley made to the victims. *There was sufficient evidence, viewed in the light most favorable to the prosecution, that a rational factfinder could have found Timley guilty beyond a reasonable doubt of the crimes of rape and aggravated criminal sodomy either by the means of force or by the means of fear. There was no error in including both alternative means in one instruction to the jury.*" (Emphasis added.) *Timley*, 255 Kan. at 290.

Subsequently, this court in *Wright* analyzed the *Timley* decision and reiterated its conclusion that force and fear are separate alternative means of committing rape, requiring sufficient evidence of both means to uphold a conviction:

"The [*Timley*] court then held that there was sufficient evidence to convict Timley of rape and aggravated criminal sodomy either by force or by fear; thus, '[t]here was no error in including both alternative means in one instruction to the jury.' [Citation omitted.] The indispensable component in the court's holding was 'super-sufficiency' of evidence, *i.e.*, proof adequate to persuade a rational factfinder of Timley's guilt on rape by fear *and* rape by force. [Citation omitted.] *If evidence had been lacking on either means alleged, Timley's rape conviction would have been reversed.*" (Emphasis added.) *Wright*, 290 Kan. at 203.

This passage from *Wright* appears to reaffirm *Timley*'s construction of the phrase force or fear as establishing alternative means of committing rape. But later in the decision, when the *Wright* court applied *Timley* to the facts of the case, the court clearly treated the phrase force or fear as establishing a single means of committing rape. The defendant in *Wright* argued that the jury was instructed on alternative means when it was instructed that the defendant could be convicted of rape if the act of sexual intercourse was committed without the consent of the victim under circumstances where (a) the victim was overcome by force or fear, or (b) the victim was unconscious or physically powerless. The defendant conceded there was sufficient evidence that the victim was unconscious or physically powerless. Her only argument on appeal was that there was insufficient evidence to establish that the victim was

overcome by force or fear. In addressing the defendant's argument, this court stated:

"The evidence in this case was sufficient to find Wright guilty beyond a reasonable doubt of committing rape by force or fear. J.L. testified that she woke to the realization that Wright was digitally penetrating her vagina and *was paralyzed with fear*. Under [*State v. Bunyard*, 281 Kan. 392, 133 P.3d 14 (2006)], it does not matter that the initial penetration by Wright may not have been temporally coincidental with J.L.'s fear; it is enough that the penetration and fear were eventually contemporaneous. There is no error under the *Timley* alternative means rule here, because the evidence of each means of committing rape—*by force or fear* or by unconsciousness—was sufficient to uphold a guilty verdict on the rape charge." (Emphasis added.) *Wright*, 290 Kan. at 206-07.

Despite recognizing *Timley*'s construction of the phrase "force or fear" as establishing alternative means of committing rape, the final paragraph of the alternative means analysis in *Wright* suggests that the *Wright* court actually considered force or fear as a single means of committing rape because the only evidence the court cited to support the defendant's rape conviction was evidence showing that the victim was overcome by fear. The *Wright* court neither mentioned nor analyzed the lack of evidence suggesting that the victim was overcome by force. Admittedly, the defendant in *Wright* did not specifically raise the argument that force or fear are alternative means of committing rape, but if the phrase truly establishes alternative means—as the *Wright* court recognized was *Timley*'s holding—then the rape conviction in *Wright* should have been reversed due to insufficient evidence showing that the victim was overcome by force. However, because the rape conviction was found to be supported by sufficient evidence, *Wright* can be read as implicitly construing force or fear as a single means of committing rape.

Regardless of whether *Wright* should be read as an acceptance or ultimate rejection of *Timley*'s construction of the phrase force or fear, one thing is clear: *Timley* reached the conclusion that the phrase establishes alternative means of committing rape without conducting any analysis of the statutory language. This implies that the *Timley* court simply assumed that the appearance of an "or" in statutory language automatically creates alternative means for

committing a crime. As noted above, the *Brown* decision did away with this assumption and established a framework for determining for each statute what the legislature's use of the disjunctive "or" is intended to accomplish—establish alternative means or options within a means. Based on *Brown* and its progeny, we conclude that sexual intercourse with a person who does not consent under circumstances when the victim is overcome by force or fear is a single, unified means of committing rape. Accordingly, sufficient evidence supports a defendant's conviction for rape under K.S.A. 21-3502(a)(1)(A) when the jury was instructed that it must find that the victim was overcome by force or fear and evidence of either force or fear was presented at trial. Language contained in *Timley* and *Wright* suggesting otherwise is specifically disapproved.

As mentioned above, Nunez concedes on appeal that the State presented sufficient evidence that M.N. was overcome by force when he had nonconsensual sex with her in the bedroom. Because this evidence is sufficient to show that Nunez raped M.N. in violation of K.S.A. 21-3502(a)(1)(A), we affirm the Court of Appeals' decision affirming Nunez' conviction for rape.

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.